MUNICIPAL COURT OF THE CITY OF PROVIDENCE *vs.* HENRY
E. LE VALLEY *et al.*

PROVIDENCE—JUNE 5, 1903.

PRESENT: Stiness, C. J., Douglas and Dubois, JJ.

(1)  *Probate Law and Practice. Guardian's Bond. Action against Ward.
Description of Guardian.*

An action against "A., guardian of B.," binds A. personally, and the description has no legal effect; and the judgment creditor cannot maintain an action under Gen. Laws cap. 196, § 26, upon the bond of the guardian.

(2)  *Pleading and Practice. Action against Ward.*

To become a creditor of the ward, it is necessary for a party to have had his account allowed by the guardian; or, if rejected by the latter, to have brought suit under the provisions of Gen. Laws cap. 196, § 29.

DEBT upon a guardian's bond.    Heard on demurrer to declaration, and demurrer sustained.

DUBOIS, J.    This is an action of debt upon a guardian's bond, brought by Callender, McAuslan & Troup Company as a creditor in the name of the Municipal Court of the city of Providence against Henry E. Le Valley, guardian of Grace I. Plummer, a minor, as principal, and against the personal representatives of the deceased sureties in said bond.

The bond is dated April 2nd, 1889, with condition as follows:

"The condition of this obligation is such, that if the above bounden Henry E. Le Valley, who has been duly appointed guardian of the person and estate of Grace I. Plummer, a minor under the age of fourteen years, doth within three months after the date hereof, exhibit under oath to the Municipal Court of the city of Providene, an inventory in writing of all the real and personal estate of his said ward which shall come to his possession or knowledge, and shall faithfully and duly discharge the trust of guardian as aforesaid, according to law, and shall render a just and true account of his dealings therein to said court annually, or whenever he shall be by said court thereunto required, or to his said ward whenever

she shall arrive at the age of twenty-one years, or whenever said guardianship shall be removed; then the above-written obligation to be void and of none effect; or else to be and remain in full force and virtue."

The plaintiff in its declaration, after setting out said bond and conditions thereof, alleges four breaches of the same to the effect that said guardian did not discharge his trust according to law; that he did not render a just and true account annually; that he unfaithfully and unduly took and used for himself large sums of money belonging to the estate of his ward which had come to his hands as her guardian; that, April 2nd, 1889, he presented to said court an inventory, approved and allowed by said court, of the personal estate of his said ward in his hands, amounting to $5,275, which sum still remains in his possession, and that said plaintiff company obtained judgment against said guardian in this court for $778.55 debt or damages and costs of suit, which sum is still due and owing to the plaintiff; but said guardian has not paid the same or any part thereof, but has refused to pay the same, though the personal estate of his ward in his hands is more than sufficient to pay said sum; by reason of which said bond became forfeited.

To this declaration the defendant guardian has filed his demurrer, upon the following grounds:

That the facts assigned by the plaintiff in his declaration do not in law constitute a breach of said bond, and that the plaintiff is not a party interested in the bond and cannot inquire therein as to whether or not the principal named therein has committed a breach thereof.

(1)   Under Gen. Laws R. I. cap. 196, § 26, "If any guardian shall neglect to exhibit a true inventory of his ward's estate or a list of the claims presented against his ward as above required, or shall neglect to apply the real and personal estate of his ward as aforesaid to the payment of his debts as aforesaid, it shall be deemed a forfeiture of his bond given as aforesaid, and his sureties or surety shall be liable to an action thereon by any creditor or person interested or at the instance of any person interested, and judgment shall be en-

tered in such action and execution shall issue and recovery shall be had, to such use and with like powers in and privileges to the court of probate, as, in like cases, on administration bonds sued."

Unless the plaintiff is a creditor of Grace I. Plummer, the ward, this action cannot be maintained, for it is not claimed that it is interested except as a creditor.

The plaintiff has seen fit to sue and become the judgment creditor of Henry E. Le Valley, guardian of Grace I. Plummer. The effect is the same as if it had sued Henry E. Le Valley without describing him as guardian of the estate of Grace I. Plummer—the judgment binds him personally and the description has no legal effect; it may be disregarded as surplusage. *Arnold* v. *Angell*, 1 R. I. 291; *Willard* v. *Fairbanks*, 8 R. I. 7; *Rollins* v. *Marsh*, 128 Mass. 116.

Guardians of minors, spendthrifts, or insane persons do not become owners of the property which is placed under their charge. The title thereto remains in the wards. The guardians have only a naked power, not coupled with an interest. The debts of the ward remain his debts, and can be recovered by suit against him, not by suit against the guardian. *Rollins* v. *Marsh*, *supra*.

Under said chapter 196, section 29, " No action shall be sustained against any person under guardianship within twelve months after the appointment of his guardian and notice thereof, unless the claim presented is wholly or in fact rejected by the guardian, in which case the creditor may bring his suit forthwith, and shall be entitled to the whole or a dividend, if the estate should prove insolvent, upon such claims as he may recover in such suit. The party bringing such suit, besides the service of the original writ, shall cause a true copy thereof to be served upon the guardian," and, under a portion of section 22 of said chapter, "Every debt from the estate of the ward, allowed by the guardian, or found due by judgment or suit brought under the provisions of section twenty-nine of this chapter, shall be a lien upon the real estate of such ward during his minority and for one year thereafter."

(2)    To become a creditor of the ward it was necessary for the Callender, McAuslan & Troup Company to have had its account allowed by the guardian; or, if rejected by the guardian, to have brought suit under the provisions of section 29.

As it did neither, it cannot inquire into the conduct of the guardian respecting the discharge of his trust.

Demurrer sustained.

*Edward D. Bassett,* for plaintiff.

*Andrew B. Patton, Stephen A. Cooke, and Edward W. Blodgett,* for defendants.