Argued at Pendleton May 4, affirmed June 21, rehearing denied July 30, second petition for rehearing denied September 27, 1921.

## ALLEN ET AL. *v.* LEVENS ET AL.

(198 Pac. 907; 199 Pac. 595.)

**Elections—Appeal in Election Contest must be Taken Within Time Fixed by Contest Statute.**

1. The right of appeal in a proceeding to contest an election depends upon the election contest statute, and must be taken in conformity therewith, and not under the statute relating to appeals in civil cases, and therefore a notice of appeal in an election contest case, which was not taken within 30 days after the entry of judgment, as required by Section 7334, Or. L., gives the appellate court no jurisdiction.

### ON PETITION FOR REHEARING.

**Appeal and Error—Evidence—Date Stated in Decree Controls Extra Judicial Statements—Judgment Presumed Entered on Day Given.**

2. Under Section 799, Or. L., subdivisions 15, 17, creating a presumption that official duty has been regularly performed, and that a judicial record correctly sets forth the rights of the parties, it must be presumed that a judgment under Section 200 was entered the day it was given as required by Section 201, so that a decree reciting that it was entered on the stated date, which is the official utterance and imports absolute verity as against an extrajudicial statement, controls a statement in the abstract that it was entered on a later date and the file mark of the clerk whose duty it was

to enter the proceedings under Section 584, and which bore the later date, so that an appeal was too late which was taken more than thirty days after the date stated in the decree, but within thirty days of the later date.

From Harney: DALTON BIGGS, Judge.

In Banc.

The plaintiffs brought this proceeding to contest an election held in Harney County to determine whether or not an irrigation district to be known as ''Harney Basin Irrigation District No. 1'' should be established. The Circuit Court sustained a general demurrer to their petition and, as the plaintiffs refused to plead further, dismissed the proceeding. The judgment was entered October 14, 1920. The notice of appeal to this court was given December 4, 1920.

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief over the names of *Messrs. Hawley & Hawley* and *Mr. Fremont Wood*, with oral arguments by *Mr. Edwin Snow* and *Mr. C. B. McConnell.*

For respondents there was a brief over the names of *Mr. George S. Sizemore,* District Attorney, and *Messrs. McCulloch & Duncan,* with an oral argument by *Mr. R. M. Duncan.*

BURNETT, C. J.—1. Treating of the contest of election in such cases, it is laid down in Section 7334, Or. L.:

''The court having jurisdiction shall speedily try such contests and determine, upon the hearing, whether the election was fairly conducted, and in substantial compliance with the requirements of this act, and enter its judgment accordingly. Such contest must be brought within sixty days after the canvass

of the vote and declaration of the result. The right of appeal is hereby given to either party to the record within thirty days after the entry of judgment.''

It is said in *Tazwell* v. *Davis,* 64 Or. 325, 341 (130 Pac. 400), by Mr. Justice BEAN, delivering judgment:

''The right of appeal from the decisions of inferior courts in election cases does not exist unless it has been conferred by some constitutional or statutory provision: *City of Portland* v. *Nottingham,* 58 Or. 1 (113 Pac. 28). Statutes authorizing appeals to be taken from judgments rendered in civil cases do not apply to contested election proceedings under the statute, as they are not civil cases'': Citing authorities.

We may derive from this language the doctrine that the statute under which this contest is conducted is complete within itself and that, being *sui generis,* the party desiring to avail himself of an appeal under its terms must comply therewith and serve his notice of appeal within thirty days after the entry of the judgment. If this is not done strictly in compliance with the statute, this court has no jurisdiction to decide the cause on the issues presented in the court below.

In *Lively* v. *Landon,* 69 Or. 275 (138 Pac. 853), Mr. Justice RAMSEY distinguished between the ordinary suit or action, and proceedings under an election contest, holding that the latter are peculiar to themselves and are governed exclusively by the statute creating them, and finally decided that there is no right of appeal except when it is conferred by statute. The doctrine is thus succinctly stated in *Donart* v. *Stewart,* 63 Or. 76, 82 (126 Pac. 608) :

''An appeal is a right conferred by statute upon Superior Courts to review the final determinations of

inferior judicial tribunals, when causes tried therein are properly brought up for that purpose, and in the transfer of such proceedings the mode prescribed in the enactment granting the privilege is the measure of the bestowed power in the exercise of which neither court nor party can restrict, enlarge, or diminish the authority given."

At the very threshold of our investigation we are halted by this principle, and any treatment we should give the questions suggested by the pleadings would be mere *obiter dictum,* having no force or effect, because we have no jurisdiction. The consequence is, that the judgment of the court below cannot be disturbed. It must stand as affirmed.    AFFIRMED.

Mr. Justice BROWN took no part in the consideration of this case.

Denied July 30, 1921.

ON PETITION FOR REHEARING.

(199 Pac. 595.)

REHEARING DENIED.

In Banc.

BURNETT, C. J.—By the original opinion in this case we refused to consider the questions presented, because the appeal had not been taken within thirty days after the entry of judgment, on account of which we had no jurisdiction for that purpose. It was there stated that the judgment was entered October 14, 1920, and that the notice of appeal was not given until December 4, 1920, more than thirty days after the entry of judgment. The petition for rehearing

contends that this statement is erroneous and maintains that, "it appears on the record that the judgment appealed from was entered in the Circuit Court of the State of Oregon for Harney County, November 24, 1920, and notice of appeal was given December 4, 1920, and said appeal perfected within thirty days of the entry of said judgment."

According to the abstract of record, the order from which the appeal was taken reads thus:

"Now on this fourteenth day of October, 1920, the above-entitled cause coming on for consideration by the court, the contestants being represented at this time by C. B. McConnell, their attorney, and the defendants appearing by McCulloch & Duncan, their attorneys, as well as by Geo. S. Sizemore, district attorney, and it appearing to the court that the various counsel have heretofore argued the merits of the said cause as standing upon demurrer to the petition, and that the court took the matter under advisement, and it further appearing to the court that it is in all things now fully advised,

"It is therefore ordered and adjudged that the demurrer to the petition be and the same is sustained;

"And it further appearing to the court that the petitioners by their counsel and attorneys of record decline at this time to plead further in said cause,

"It is therefore ordered that the said petition be and the same is hereby dismissed."

It is true that immediately preceding the order quoted is a statement in the abstract to the effect that on April 13, 1920, the demurrer to the petition was heard in open court and the matter taken under advisement, that on October 14th the matter was again taken up in open court and that on November 24, 1920, the order was made. It is true also that among the papers sent up from the Circuit Court is one worded in the body thereof precisely like the decree above

quoted, besides being signed officially by the trial judge. Endorsed thereon is stamped the file mark of the clerk in these words: "Filed Nov. 24, 1920, Chester Dalton, Clerk, by [signed] Chas. E. Dillman, Deputy."

2. The order itself, however, is the official utterance and imports absolute verity as against any extrajudicial statement, and irrespective of when the clerk may have put his file mark on the paper mentioned. It may have been lodged with the clerk long before the date indorsed thereon. It is provided in Section 200, Or. L., that "when a decision has been made sustaining or overruling a demurrer, unless the party against whom the decision is made be allowed to amend or plead over, judgment shall be given for the plaintiff or defendant, as the case may be * * ." The following section declares:

"When judgment is given in any of the cases mentioned in Sections 199 and 200, it shall be entered within the day it is given."

We must presume under subdivision 15 of Section 799, "that official duty has been regularly performed," and under subdivision 17, "that a judicial record, when not conclusive, does still correctly determine or set forth the rights of the parties." It is the duty of the clerk to enter the proceedings of the court in the journal: Section 584, Or. L. Under these presumptions we must conclude in the absence of anything to the contrary that the judgment, as it stated, was rendered on October 14, 1920, in which case the notice of appeal on December 4, 1920, was too late to give the court jurisdiction. We adhere to the former opinion.

REHEARING DENIED. SECOND PETITION FOR REHEARING DENIED.