Argued March 19, affirmed April 3, rehearing denied May 1, 1928.

## In Re Guardianship of DOLA LYON.

(265 Pac. 1087.)

For appellant Dola Lyon there was a brief and oral argument by *Mr. T. S. McKinney.*

For respondent W. V. Miller there was a brief over the name of *Mr. Charles H. Combs,* with an oral argument by *Mr. Herbert P. Welch.*

BEAN, J.—This cause originated in the County Court and comes to this court upon an appeal from the decree of the Circuit Court. At the time of the commencement of these proceedings, Dola Dewey occupied apartments in Lakeview, Oregon. She had a fair knowledge of dentistry and had been for a number of years assistant to Dr. J. L. Lyon, a dentist, located in Lakeview. In addition to his profession Dr. Lyon was engaged · in raising sheep. In connection with his sheep business, between 1913 and 1922, Dr. Lyon borrowed several thousand dollars from Dola Dewey on his notes. As security for the loans made Dr. Lyon conveyed to Dola Dewey 320 acres of land in the center of the holdings of his sheep business. On October 15, 1921, Dr. Lyon and Dola Dewey entered into a contract whereby he was to sell to her an interest, not to exceed

$20,000, in his land and sheep. In this agreement it was stipulated that the Lyon notes would become due October 15, 1924.

In the spring of 1923 some business differences arose between Dr. Lyon and Dola Dewey and he stated that he would pay the notes she held against him. Dola Dewey then took her notes to W. V. Miller, her nephew, who was cashier of the Commercial National Bank and requested him to assist her in getting her money out on interest, if Dr. Lyon did pay off the notes. In May, 1923, Dola Dewey became ill and Dr. H. E. Kelty prescribed for her. Later, when she was removed to the home of Mrs. McKendree, her niece, Dr. E. H. Smith and Dr. Charles E. Leithead were called to see her. At this time Dr. Smith was county judge of Lake County, and he and Dr. Leithead were partners.

On June 7, 1923, a petition was filed in the County Court by Sarah Garrett, a sister of Dola Dewey, asking for the appointment of a guardian for Dola Dewey. On the same day a citation was issued to and served upon her and the time fixed for hearing the petition on the nineteenth day of June, 1923. The petition recited, among other things, "that the said Dola Dewey is now mentally deranged and wholly incapable of looking after, caring for and managing her said property."

Dr. E. H. Smith, as county judge, ordered Charles E. Leithead, who was then county health officer for Lake County, to make an examination of Mrs. Dewey and report the facts as he found them to the court. Dr. Leithead thereafter made such an examination, and the matter coming on to be heard on the nineteenth day of June, 1923, he testified in the County Court as to the facts he found and concluded with

the opinion that Mrs. Dewey was insane and was badly in need of expert medical treatment. On June 25, 1923, the County Court entered an order appointing W. V. Miller as guardian of the person and estate of Dola Dewey. W. V. Miller took possession of the property of Dola Dewey. On the twenty-third day of August, 1923, he filed an inventory and appraisement with the county clerk.

About June 12, 1923, Dola Dewey was taken to San Francisco, California, by Mrs. McKendree and W. V. Miller and for a time placed in a private hospital, known as Park Rest Home. She was released from the hospital about the 9th of August, 1923, and placed in the care and custody of Mrs. Lillian Harris, Oakland, California, where she remained until October, 1923, when she returned to Lakeview. She has since resided in Lakeview, and she and Dr. Lyon were married in November, 1923.

Dola Dewey filed a petition on the seventeenth day of July, 1924, asking for an order discharging the guardian and citation issued and was served on W. V. Miller, directing him to appear and show cause, and requiring him to file a final account.

A final account was filed by W. V. Miller on September 12, 1925. Objections to the allowance of the final account were filed by Dola Lyon and the matters in issue were passed upon by County Judge H. E. Kelty. Both Dola Lyon and W. V. Miller appealed from this judgment and decree to the Circuit Court. No testimony was taken in the County Court, hence the case was tried *de novo* in the Circuit Court, and two volumes of testimony were the result of the hearing. Dola Lyon has appealed from a part only of the judgment and decree entered in the Circuit Court.

1–3. The appellant contends that the guardian was not regularly appointed; that no regular hearing was held to determine whether or not Mrs. Dewey was incompetent. The objection appears to be that it is not shown that Dr. Leithead was sworn at the time he testified. The presumption that official duty was performed in the matter by the county judge and that Dr. Leithead was regularly sworn is sufficient to prevail upon this point: Or. L., § 799, subds. 15, 17; *Trummer* v. *Konrad*, 32 Or. 54, 56 (51 Pac. 447); *Ex parte Howe*, 26 Or. 181 (37 Pac. 536); *Allen* v. *Levens, County Judge*, 101 Or. 471 (198 Pac. 907, 199 Pac. 595). The objection to the appointment of the guardian of the person and estate of Dola Dewey is one of form and not of substance. The petition for the appointment of the guardian made by her sister was not contested. All of Mrs. Dewey's relatives and friends seem to have realized the necessity therefor. The petition was amply sufficient to confer jurisdiction upon the County Court in the matter. Such proceedings in the County Court are often necessarily informal: Or. L., § 1320; *Dickenson* v. *Henderson*, 90 Or. 408 (176 Pac. 797). The presumption of the legality attaching to the acts of a court of general jurisdiction over the subject matter renders it unnecessary that every fact essential to jurisdiction should expressly appear on the face of the record: 12 R. C. L., pp. 1114 and 1115; 28 C. J. 1086, § 73. There was no pretense that the appointment was not necessary and for the best interest of the ward. The objection to the appointment is overruled.

4. The next objection is to the decree allowing the guardian $617.92 as compensation for services as guardian. A like objection is made to the decree

allowing the same sum to the guardian as attorney's fees in the matter of the guardianship. The final account of the guardian filed September 12, 1924, accounts for money and property, as per the inventory and appraisement on file in the sum of $23,-581.70; and other items, being for the sale of articles and interest collected and cash borrowed from the Commercial National Bank, of $1,167.45, make a total of $24,896.65. It is shown by the report that the guardian paid for the professional services of physicians and for the care of Mrs. Dewey in the hospital and for the incidental expense of administration, in the sum of $1,495.65, leaving the property on hand as per inventory and appraisement $23,401.00, or a total of $24,896.65, making the account balance. The guardian further shows that there now remains due and unpaid by the guardianship estate the following sums:

Note to Commercial National Bank.........$1,167.45
Reasonable service of guardian............   687.93
Reasonable attorney's fee in guardianship..   687.93

These are the items objected to. The report and record show that the property of Mrs. Dewey was husbanded by the guardian in a careful and business-like manner, while on account of the business conditions at that time, especially of Dr. Lyon, in the sheep industry, a large amount of the indebtedness due the guardianship estate was not collected, it is not shown or contended that there was any loss occasioned by the management of the guardian.

Mrs. Dewey now Mrs. Lyon was cared for in a painstaking, friendly way by her relatives and those interested in her behalf. She has no good reason to complain. She is fortunate that the cost was

not greater. We think the amounts charged for fees are reasonable and the decree in that respect is approved.

5. It was very essential that the guardian procure and advance funds for the expense of Mrs. Dewey during her illness and while it is true that a note given by the guardian does not bind the estate of the ward, yet the guardian is entitled to be reimbursed for all reasonable expenses which he has incurred: Or. L., § 1340; *Municipal Court* v. *Le Valley,* 25 R. I. 236 (55 Atl. 640); 15 Am. & Eng. Ency. of Law (2), 77; *Sturgis* v. *Sturgis,* 51 Or. 10, 18, 19 (93 Pac. 696, 131 Am. St. Rep. 724, 15 L. R. A. (N. S.) 1034).

6, 7. There is a complaint in regard to old clothing and jewelry of Mrs. Dewey, which unavoidably became scattered. The guardian should see that all of the various effects that can be marshaled of the ward are returned to her, to the approval of the County Court. The property permitted to be sold by the guardian to pay the money advanced and the expenses should be sold under the supervision and with the approval of the County Court.

The decree of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED.

RAND, C. J., and BROWN and BELT, JJ., concur.