Argued February 8; affirmed March 1, 1938

## In re Dugan

## DUGAN et al. *v.* WESTBROOK et al.

(76 P. (2d) 961)

Department 1.

*Geo. S. Shepherd* and *Harold W. Peterson,* both of Portland, for appellants.

*Henry S. Westbrook,* of Portland, for respondents.

BELT, J.   This is an appeal from an order of the circuit court for Multnomah county, probate department, appointing Henry S. Westbrook guardian of the person and estate of W. W. Dugan, Jr., an insane person.

Appellants contend that the order should be set aside and held for naught for the reason that no notice was given to the alleged insane person, or any person acting for him, as to any hearing to determine the need for the appointment of a guardian, and that no hearing or proceeding was had.

■ There is no transcript of evidence here and this court must look only to the pleadings and the affidavits in support thereof.  Statements of fact in the brief, not disclosed by the record, must be disregarded.

It appears, without contradiction, that, on April 13, 1937, W. W. Dugan, Jr., was adjudged an insane person and was committed to the Oregon state hospital where he is now confined.  On the following day, Henry S. Westbrook filed a petition for the appointment of Albert D. King as guardian, reciting, among other things, the adjudication of insanity and the commitment of Dugan to the state hospital.  On April 15, 1937, an order was made fixing May 3, 1937, as the time of hearing the above mentioned petition and directing that citation be issued and served on W. W. Dugan, Jr., notifying him of the time and place of such hearing and to show cause, if any, why the petition should not be granted.  The citation was duly served on Dugan, the alleged insane person, on April 17, 1937, more than 10 days prior to time of hearing.

On May 3, 1937, Agnes Dugan, a sister of the alleged insane person, filed an answer to the petition wherein, so far as is material herein, it is denied that W. W. Dugan, Jr., is insane or that his estate needs the care or attention of a guardian. It is affirmatively alleged that the proceedings to have Dugan declared insane were instituted, not in good faith, by Minda Dugan, his former wife, and that "the afflictions from which said W. W. Dugan suffers are not mental nor within the bounds of psychiatry, but are purely physical and non-communicative." The sister, however, requests that, if the court after a "full hearing" should find the necessity for a guardian exists, it appoint either George B. Cellars or William G. Puhaty.

On May 3, 1937, Henry S. Westbrook filed his reply to the answer and requested the appointment of Floyd L. Privett as guardian in the event the court did not see fit to appoint Albert D. King to act in such capacity. In addition to the pleadings, there were affidavits filed in support of the petition of Henry S. Westbrook.

On June 23, 1937, the court entered an order appointing, on its own motion, Henry S. Westbrook. In this order there is a recital of the appearance of the parties and the necessity for the appointment of a guardian.

It is well to bear in mind that the appointment of the guardian was made after the adjudication of insanity and the commitment to the state hospital. Cases cited concerning appointment of guardian prior to adjudication of insanity are not in point. It is well established that an adjudication of insanity is conclusive evidence of such mental status at the time the same was made. It is also well settled that the law presumes that insanity, having once been shown to exist, continues until the contrary is made to appear: *Johnson v. Johnson,* 124 Or. 480, 264 P. 842; Woerner on The American Law

of Guardianship, p. 423, and see cases in note 68 A. L. R. 1315. In the instant case there is no evidence to overcome the presumption of insanity. The record affirmatively shows that there has been no discharge of the patient and that he is now confined in the state hospital. Hence, the court had the right to rely upon the force and effect of the adjudication.

That the court had jurisdiction of the parties and of the subject matter is beyond dispute. We think it is also clear that a hearing was had upon the pleadings and the affidavits filed in support thereof. It is disclosed by the record that the parties "presented" the petition praying for appointment of a guardian and the objections of Agnes Dugan thereto; who appeared "for herself and for W. W. Dugan, Jr." There is a presumption of legality attaching to the acts of a court of general jurisdiction (*In re Lyon's Guardianship,* 128 Or. 94 (265 P. 1087)), which the appellants have not overcome. As stated in 14 R. C. L. 569:

"Where the record of the court is silent upon the subject, it must be presumed, in support of the appointment of the guardian of an insane person, that the court inquired into the condition of the alleged imbecile and found him to be of unsound mind, and took all necessary steps to acquire jurisdiction of his person."

The record indicates that Henry S. Westbrook is a suitable and competent person to act as guardian of the person and estate of W. W. Dugan, Jr., and the discretion which the lower court exercised in appointing him is approved. It is immaterial that the order was not entered until June 23, 1937. Appellants were not entitled to notice of the date when the court would make the appointment.

It follows that the order of appointment is affirmed. Respondents are entitled to costs and disbursements.

BEAN, C. J., and ROSSMAN and KELLY, JJ., concur.