BOWLES, Administrator of the Office of Price Administration, Respondent, vs. MILLER, Appellant.

*May 14—June 15, 1945.*

*Charles L. Mullen* of Milwaukee, for the appellant.

For the respondent there was a brief by *Lee K. Beznor* and *John J. Burke,* both of Milwaukee, attorneys, and *Abraham H. Maller* and *Julius Copeland,* both of Chicago, Illinois, of counsel, and oral argument by *Mr. Burke* and *Mr. Edward J. Couzens* of Milwaukee.

MARTIN, J.   This action was brought and prosecuted under the Emergency Price Control Act of 1942, as amended. (50 USCA App. sec. 901 *et seq.*)   On May 31, 1942, under sec. 2 (b) of the Emergency Price Control Act, the administrator issued the rent regulation for housing, effective August 1, 1942, and fixed the maximum rent date as of March 1, 1942.   The defense rental area includes all of Milwaukee county.

At all times in question defendant owned and rented eighteen apartments, exclusive of the one occupied by the family of the defendant.   They all comprised one unit, having different addresses.   Six of the apartments are involved in this litigation and are set out in the foregoing findings.   There appears to be no dispute on the facts as to four of the six apartments involved.

It will serve no purpose to discuss the evidence.   The evidence relative to the violations alleged presented issues of fact, all of which are covered by the findings and are clearly sus-

tained by the evidence. It is elementary that the court will not disturb the findings unless they be against the great weight and clear preponderance of the evidence.

The court found that during the months of July and August, 1944, defendant received $52 in excess of the maximum rent. The court found that defendant failed to prove that the violations. were neither wilful nor the result of failure to take practicable precautions against the occurrence of the violations. The burden of pleading and proving that the violations were neither wilful nor the result of failure to take practicable precautions against the occurrence of the violations was on the defendant. *Bowles v. Glick Bros. Lumber Co.* (9th Cir. 1945) 146 Fed. (2d) 566, 571; *Speten v. Bowles* (8th Cir. 1945), 146 Fed. (2d) 602, 605; *Bowles v. Hastings* (5th Cir. 1945), 146 Fed. (2d) 94.

Treble damages were properly allowed under sec. 205 (e) of the act, which, so far as here material, provides:

"The seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, that such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation."

Appellant's contention that the action was premature and without authority, and the further contention that the item of $40 to cover costs and disbursements should not be allowed, is without merit.

*By the Court.*—Judgment affirmed.