548

Argued March 20, affirmed May 2, 1951

PAYN ET UX. *v.* RICHARDS

231 P. 2d 420

*J. O. Stearns* and *Dellmore Lessard,* of Portland, argued the cause and filed a brief for appellant.

*Donald S. Richardson* argued the cause for respondents. On the brief were Green, Landye & Richardson, of Portland.

HAY, J.

This action was brought under § 925 (e) of the Emergency Price Control Act, 1942, as amended, by tenants against their landlord for the recovery of alleged overcharges of rent for housing accommodations in a defense-housing area. The complaint alleged as follows: Defendant owned a dwelling house in the city of Portland, and on September 9, 1946, she rented it to plaintiffs for an agreed rental of $65 per month. The Administrator appointed under the Act issued, on April 28, 1942, a Designation and Rent Declaration promulgating a maximum rent regulation for housing, effective July 1, 1942, whereby the counties of Multnomah, Washington, and Clackamas, in Oregon, and Clark in Washington, were constituted a defense-rental area under the name of Portland-Vancouver Defense-

Rental Area. The maximum legal rate for defendant's dwelling was $47.50 per month. Between September 9, 1946, and April 22, 1947, defendant, in violation of said Act, unlawfully demanded and received from plaintiffs as rent $103.50 in excess of the maximum legal rate. Judgment was demanded for treble the amount of such overcharge, besides costs and attorney's fees.

Defendant demurred to the complaint on the grounds that: (a) the Emergency Price Control Act, as amended, was repealed by its own limitations on June 30, 1947; (b) § 925 (e) of 50 U.S.C.A. is unconstitutional and void; and (c) the court was within jurisdiction of the cause. The demurer was overruled, and defendant answered, denying generally the allegations of the complaint, and affirmatively alleging that the maximum rents established for housing within the Portland-Vancouver Defense-Rental Area were arbitrary, capricious, and unlawful, and in excess of the authority granted by the statutes relied upon by plaintiffs; that such statutes were violative of the Fifth Amendment to the United States Constitution, and void; that the authority to enact such statutes was not within the powers delegated to the Congress under the United States Constitution; that the Emergency Price Control Act, 1942, expired by its own limitations on June 30, 1946; that said Act as amended and extended is unconstitutional because, while it was valid originally as a part of the Emergency War Powers of the Congress, the validating emergency had terminated prior to September 9, 1946; and that defendant's dwelling house, on that date, was not affected by said Act, for the reason that it was not a defense-rental area housing accommodation or located within any defense area. By way of cross-complaint, defendant alleged matters

in respect of which she sought to recover damages of plaintiffs for alleged misuse of the rented premises, and for other reasons.

On motion by plaintiffs, defendant's affirmative answer was stricken as sham, frivolous and irrelevant. Thereafter, defendant filed an amended answer, omitting the affirmative matter. Plaintiffs' reply put the case at issue.

The cause was tried to the court without a jury, and, on August 23, 1949, the trial judge made findings of fact and conclusions of law in favor of plaintiffs, and entered judgment thereon in accordance with the demand of plaintiffs' complaint.

Defendant then moved for a new trial, supporting her motion by her own affidavit reciting facts which she alleged, had been testified to on the trial, and which the court, she suggested, had inadvertently overlooked in rendering its judgment. Such facts tended to show that, if she had violated the Act, the violation was neither wilful nor the result of failure to take practicable precautions against its occurrence. Later, as a supplement to her motion, she represented to the court that the Honorable D. N. Mackay, the judge who presided at the trial, had died since the filing of her motion, that the cause was heard without a jury, and that no stenographic record of the testimony was taken. The motion and supplemental motion were denied.

Subsequently thereto, defendant tendered a bill of exceptions to the presiding judge of the court for settlement. The judge, because of lack of a transcript of testimony, refused to settle the bill.

Defendant has appealed from the judgment and from the order denying her motion for a new trial.

Her first assignment of error is that the court erred in not upholding the agreement voluntarily entered into between the parties, whereby they agreed upon a rental of $65 a month for defendant's property.

■ But the provisions of the Emergency Price Control Act became a part of the contract of tenancy. Annotation, 147 A.L.R. 1453; 50 U.S.C.A., § 925 (e). The Act clothed the Administrator with specific authority to establish defense-rental areas and fix maximum rentals for housing therein. The fact that the rental fixed by the Administrator in this instance conflicted with the agreement of the parties is immaterial.

■ Defendant asserts that the Administrator's order fixing $47.50 a month as the maximum rental for her property was not made until after plaintiffs' tenancy of the property had terminated. She says that the Act did not give the Administrator authority to fix rents retrocatively, and that to interpret it as doing so would be to make it a bill of attainder and an ex post facto law, in violation of the Fifth and Tenth Amendments of the Constitution of the United States. There is, however, nothing in the pleadings indicating that the Administrator did in fact fix the rental retroactively. In defendant's affidavit in support of her motion for a new trial there are allegations to the effect that the rental was established retroactively by "the local Office of the Housing Expeditor." But, under the law, the facts so alleged should have been incorporated in a bill of exceptions if it was desired that they should be considered by this court. § 5-702, O.C.L.A.; *Tellkamp v. McIlvaine*, 184 Or. 474, 481, 199 P. 2d 246. As this was not done, we cannot consider the allegations.

■ As for the constitutional question, the Supreme Court, in *Woods v. Miller Co.*, 333 U.S. 138, 146, 92 L. ed 596, 68 S. Ct. 421, held that the Housing and Rent Act

of 1947, 50 U.S.C.A., § 1895, was a valid exercise of the War Powers of Congress, and thus constitutional and that such powers did not necessarily end with the cessation of war activities. That Act, with respect to the recovery of overcharges, is practically identical in terms with the Emergency Price Control Act of 1942. *Woods v. Miller Co.*, supra, therefore may be regarded as conclusive in favor of the constitutionality of the 1942 Act also. See Annotation, 149 A.L.R. 1468.

▮▮ It is contended that whether the emergency giving authority to Congress to exercise its War Powers still existed, at the time when defendant rented her house to plaintiffs, was a question of fact which should have been determined by the trial court. As a matter of fact, the trial court did make a finding that, during the period in question, the maximum rent regulation established by the Administrator was in full force and effect. This, we think, was tantamount to a specific finding that the war emergency had not terminated. The court, in our opinion, could take judicial notice that during that period the nation was still upon a war footing and that its activities in that connection had not ceased. *Hamilton v. Kentucky Distilleries & Warehouse Co.*, 251 U.S. 146, 64 L. ed 194, 40 S. Ct. 106, 111.

▮ Error is assigned because the court awarded treble damages. Defendant argues that such an award implied a finding of a wilful violation of the Act, whereas there was no evidence of wilful violation nor any finding of such by the court. In order to avoid a judgment for damages in an amount in excess of the rental overcharge, it was incumbent upon defendant to prove that her violation of the Act was neither wilful nor the result of failure to take practicable precautions against its occurrence. 50 U.S.C.A., § 925 (e). It has been held

that defendant must both plead and prove such exculpating factors. *Hoffman v. Wagner,* 149 Ohio St. 50, 77 N.E. 2d 467, 470; *Bowles v. Miller,* 247 Wis. 139, 19 N.W. 2d 285, 288; *Adams v. Backlund, D.C.,* 81 F. Supp. 643, 644. Defendant failed to make the necessary pleading, and, as to proof, there being no bill of exceptions, the evidence is not before us.

■ The trial judge, as has been stated, died without having settled or signed any bill of exceptions. Defendant suggests that this fact alone entitles her to a new trial. As authority she cites *Henrichsen v. Smith,* 29 Or. 475, 481, 42 P. 486, 44 P. 496; 66 C.J.S., New Trial, § 98, p. 280; Annotation, 13 A.L.R. 115.

*Henrichsen v. Smith,* supra, however, does not now represent the law in Oregon. Since that decision, the statute has been amended so as to authorize a bill of exceptions to be settled and signed by the successor in office of the judge who tried the case, or by any judge authorized to perform the general duties of such judge. § 93-277, O.C.L.A.; *Case v. Fox,* 138 Or. 453, 457, 7 P. 2d 267; *Kruckman v. Smith,* 126 Or. 395, 398, 270 P. 474.

■ The fact that the trial was not reported does not alter the situation. The defendant could have availed herself of the services of the official reporter had she seen fit. § 93-273, O.C.L.A. Moreover, the statute provides a method whereby, where no official reporter was present at the trial, a record of the exceptions taken may be made up. § 5-702, O.C.L.A.; *In re Baker's Estate,* 156 Or. 256, 271, 67 P. 2d 185; *State ex rel. v. Bassett,* 166 Or. 628, 642, 113 P. 2d 432, 114 P. 2d 546. The defendant could have adopted that method, but did not.

■ Other matters, which could be considered only under a bill of exceptions, have been urged upon

us. But, there being no bill of exceptions, the only remaining question that is properly before us is that of whether or not the pleadings and the court's findings were sufficient to support the judgment. *In re Dugan,* 158 Or. 439, 441, 76 P. 2d 961; *Wallowa Land Co. v. Mc-Gaffee,* 160 Or. 298, 299, 84 P. 2d 1116; *Williams v. Ragan,* 174 Or. 328, 333, 143 P. 2d 209. In our opinion, they were. The complaint alleged and the court found that defendant's property was within a Defense Rental Area and was subject to the provisions of the Emergency Price Control Act, that the maximum legal rental for such property was $47.50 a month, and that defendant demanded and received from plaintiffs a sum of $103.50 in excess of such maximum rental.

In the state of the record, the judgment appealed from was the only one that could have been rendered. We find no error, and the judgment is affirmed.