Argued November 17, 1977, affirmed February 21, reconsideration denied March 29, petition for review allowed June 20, 1978, 282 Or 537

STATE OF OREGON, *Respondent,*

*v.*

TIMOTHY CARL WELLER, *Appellant.*

(No. DA 131119, CA 8785)

574 P2d 1144

Stephen F. Crew, Certified Law Student, Portland, argued the cause for appellant. With him on the briefs was Linda L. Bergman, Portland.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Buttler, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his conviction of theft in the second degree, ORS 164.045.[1] Defendant contends that the trial judge committed reversible error by refusing to instruct the jury that insanity, having once been shown to exist, is presumed to continue until the contrary is shown.

The evidence shows that on January 9, 1977, defendant entered a grocery store and put some beer, cigarettes and nuts into a shopping cart, then left the store without paying for the items. A store clerk pursued defendant and took him into custody. Defendant claimed that he took the items because he had previously sent a money order for $10 to the store and he had credit. The store records did not support defendant's claim.

At trial defendant relied on the defense of mental disease or defect excluding responsibility, ORS 161.295.[2] Defendant had been involuntarily committed[3] to a state hospital in 1976 and the psychiatrist's diagnosis at that time was that defendant was suffering from schizophrenia, paranoia type. At trial

---

[1]ORS 164.045 provides:

"(1) A person commits the crime of theft in the second degree if, by other than extortion, he:

"(a) Commits theft as defined in ORS 164.015; and

"(b) The total value of the property in a single or aggregate transaction is under $200.

"(2) Theft in the second degree is a Class A misdemeanor."

[2]ORS 161.295 provides:

"(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

"(2) As used in chapter 743, Oregon Laws 1971, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

[3]Involuntary commitment statutes are included in ORS 426.070 through 426.170.

the psychiatrist further testified that he would characterize defendant's condition as that of a chronic paranoid schizophrenic. He explained that such a condition could have periods of relative normality, but stated that he had never seen defendant when he was free of the effects of the condition.

Despite this evidence, the trial judge refused defendant's written request that the jury be instructed that insanity, having once been shown to exist, is presumed to continue until the contrary is shown. The instruction used the word "insanity" rather than the term mental illness. Further, the instruction lacked the qualification that the presumption does not arise if the prior insanity was temporary. The jury found defendant guilty.

Defendant contends, citing *State of Oregon v. Garver,* 190 Or 291, 225 P2d 771 (1950), 27 ALR 2d 105 (1953), that the trial judge committed reversible error by refusing to instruct the jury that insanity, having once been shown to exist, is presumed to continue. The state, on the other hand, argues that the trial court may properly refuse to give an instruction which is incomplete or misleading. *Rauw v. Huling and Sparks,* 199 Or 48, 60, 259 P2d 99 (1953); *State v. Stoneberg,* 15 Or App 601, 606, 517 P2d 333 (1973).

The pertinent portion of the defendant's requested instruction is as follows:

> "The defendant has been previously determined to be insane and was committed to a mental hospital involuntarily. I hereby instruct you that the law presumes that insanity, having once been shown to exist, continues until the contrary is made to appear * * *."

The requested instruction raises a disputable presumption founded in the statutory provision that "a thing once proved to exist continues to exist as long as is usual with things of that nature." ORS 41.360(32).[4] The state contends that a prior determination of

---

[4] ORS 41.360(32) is a recodification of § 2-407(33), OCLA.

mental illness sufficient for commitment to a state hospital does not justify a presumption that one has a mental disease or defect sufficient to exclude his responsibility for a criminal act.[5] *See People v. Jackson,* 105 Cal App 2d 811, 234 P2d 261, 263 (1951). However, the Oregon Supreme Court has decided that even though insanity is measured differently for purposes of a commitment proceeding than for an insanity defense, that difference is not relevant to the question of whether the presumption is applicable. *State of Oregon v. Garver, supra* at 309.

■■ Having determined that the presumption exists in Oregon the next issue is whether the trial judge properly refused the requested instruction. The state contends that the instruction was properly refused because it was incomplete and misleading since it was cast in terms of insanity and it lacked the qualification that it does not arise if the prior insanity was merely temporary in nature. Defendant contends that this court must follow *Garver* in which the requested instruction was also cast in terms of insanity and the same qualification was omitted. In *Garver* the court held that the trial court was required to give either the requested instruction or the technically correct instruction to the jury.

We believe *Garver* is distinguishable because the requested instruction was cast in terms of "insanity" and was therefore confusing and misleading to the jury. The statutes in 1977 did not use the word insanity for commitment purposes or for the criminal responsibility defense. Neither did the psychiatrist use such terminology. The jury could be confused and misled by an instruction which referred to a prior determination of "insanity."

[5]Mentally ill persons who are dangerous to themselves or others or unable to provide for their personal needs are committed to state hospitals. ORS 426.005 et seq. Defendants are not responsible for their criminal acts if they suffer from a mental disease or defect such that at the time the crime was committed they lacked the substantial capacity to appreciate the criminality of their conduct or to conform their conduct to the requirements of the law. ORS 161.295.

[ 623 ]

The court in *Garver,* which was an extreme case and involved the death penalty, specifically stated that it was more inclined to require that the instruction be given because of the harshness of the statute that required defendant to prove his insanity beyond a reasonable doubt. *State of Oregon v. Garver, supra* at 308. In 1977 defendant was only required to prove by a preponderance of the evidence that he suffered from a mental disease or defect.[6]

In view of the changes in the law since *Garver* was decided and because we feel the requested instruction would have been misleading, we hold that the trial court properly refused the requested instruction.

Affirmed.

**SCHWAB, C. J.,** concurring.

I concur with the majority. However, I wish to note that I do not find any evidence in the record to show a causal connection between the theft committed by the defendant and his mental condition. It follows that there was no evidence upon which to submit to the jury the issue of mental disease.

**BUTTLER, J.,** dissenting.

I dissent.

If we were starting with a clean slate, I would agree that defendant was not entitled to the instruction in the form requested. However, we do not have a clean slate; the Supreme Court held in *State of Oregon v. Garver,* 190 Or 291, 225 P2d 771 (1950), 27 ALR2d 105 (1953), that if a defendant has properly raised the defense of "insanity" and has established that he was committed by court order to a mental hospital because of a mental disease or illness which is shown to be

---

[6]ORS 161.305 provides that the defense of mental disease or defect is an affirmative defense. ORS 161.055(2) provides that affirmative defenses must be proven by a preponderance of the evidence.

chronic, not temporary, he is entitled to a jury instruction as requested here.

Since I am unable to distinguish *Garver,* I conclude defendant was entitled to have the instruction given. It is not enough to point out that the defendant at the time of *Garver* was required to prove the insanity defense beyond a reasonable doubt, whereas the defendant in this case was not. If the presumption was valid in *Garver,* it is valid here.