Argued October 10, 1978, affirmed March 8, 1979

STATE OF OREGON, *Respondent,*
*v.*
TIMOTHY CARL WELLER, *Petitioner.*
(TC DA 131119, CA 8785, SC 25745)

591 P2d 732

[457]

Stephen F. Crew, Portland, Certified Law Student, argued the cause for petitioner. With him on the briefs was Linda L. Bergman, Supervising Attorney, Metropolitan Public Defender's office, Portland.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, and Al J. Laue, Solicitor General.

LINDE, J.

**LINDE, J.**

Defendant was tried on a charge of second degree theft committed by taking merchandise from a grocery store without paying for it. In defense he asserted that he suffered from a mental disease or defect excluding criminal responsibility. ORS 161.295. The episode occurred on January 9, 1977. During the preceding months defendant had been involuntarily committed to Dammasch State Hospital for the mentally ill, from January 20 to May 10, 1976, and had been rehospitalized there from July 23 to September 9, 1976. At trial, the court refused a defense request for an instruction that defendant's "insanity, having once been shown to exist, is legally presumed to continue until the contrary is shown." ORS 41.360(32).[1] Defendant was convicted, and the Court of Appeals affirmed. 32 Or App 619, 574 P2d 1144 (1978). We allowed review.

Defendant based his request for an instruction under ORS 41.360(32), *supra,* on *State v. Garver,* 190 Or 291, 225 P2d 771, 27 ALR2d 105 (1950). That decision held that when a defendant had a recent history of acquittal on grounds of "insanity" and of civil commitment for mental disease, it was error in a subsequent trial to refuse the following instruction:

> I instruct you that the law presumes that insanity having once been shown to exist continues until the contrary is made to appear. In other words, a person who has been adjudicated insane is to be deemed to continue in such a mental state until such a time as evidence of his sanity is introduced.

---

[1] ORS 41.360:

All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:

. . . .

(32) A thing once proved to exist continues as long as is usual with things of that nature.

. . . .

190 Or at 299. After an extended review of decisions in this and other courts and of textbooks, the court concluded that the defendant was "entitled to the benefit of the presumption arising from" the prior adjudication finding him not guilty by reason of "insanity" and the later civil commitment. 190 Or at 309. The court also stated that "[u]nder our decisions a presumption of law is evidence, and it is the duty of the court, when requested, to instruct the jury upon such a presumption," *id* at 305 (citing cases).

■ The Court of Appeals declined to follow *Garver* in this case for two reasons. The court noted, as a change in the law since *Garver,* that the defendant's burden to prove his lack of criminal responsibility has been reduced from proof beyond a reasonable doubt to a preponderance of the evidence. However, that change does not make the statutory presumption inapplicable. It applies in civil cases where proof beyond a reasonable doubt is not required. *See In re Dugan,* 158 Or 439, 76 P2d 961 (1938); *Johnson v. Johnson,* 124 Or 480, 264 P 842 (1928).

The Court of Appeals also noted that the requested instruction was cast in terms of a presumption that "insanity" continues until the contrary is shown, and that the term "insanity" is no longer the standard for excluding responsibility for a criminal act.[2] Apart from the altered terminology, the change points up the question of defining the "thing" that the statute presumes to continue "as long as is usual with things

---

[2] The instruction requested by defendant on the basis of *Garver* read:
    The defendant has been previously determined to be insane and was committed to a mental hospital involuntarily. I hereby instruct you that the law presumes that insanity, having once been shown to exist, continues until the contrary is made to appear. Therefore, the defendant's previous determination of insanity is direct evidence of his insanity and is to be considered by you as evidence in this case.

ORS 161.295(1), the present version of the "insanity" defense, provides:
    A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

of that nature." Even at the time of *State v. Garver,* *supra,* "insanity" was a term of law, not of medicine; it described a legal conclusion, not a psychological condition. Garver himself had not only been civilly committed, he had also been previously acquitted of a criminal offense on the ground of "insanity." *See* 190 Or at 299, 309. Under those circumstances, it was not unreasonable to apply the statutory presumption to the disabling condition adjudicated in the earlier acquittal.

More accurately, however, only the diagnosed condition itself can be a "thing" that is presumed to continue as long as is usual, not the legal consequence that was attached to this condition in a prior adjudication. Consequently, ORS 41.360(32) properly applies only if the prior decision demonstrably adjudicates a factual as well as a legal conclusion, in other words, when the evidence of the prior adjudication shows what kind of mental illness was presented by the evidence or by judicial findings in that case. This is obviously important, since a condition that would make one a "mentally ill person" for purposes of hospitalization[3] does not necessarily relieve one of criminal responsibility under ORS 161.295. Of course, when the prior factual condition is identified, it is also up to the parties to introduce evidence on how long it is usual for the previously diagnosed condition to continue. In the present case, defendant did not request an instruction concerning a particular diagnosed condition which may have been "proved to exist" at the time of his earlier civil commitment. Rather, he asked that the jury be told that he had previously been found "insane," and that this "insanity" would be presumed to continue for purposes of determining his criminal

---

[3] ORS 426.005(2) states:

"Mentally ill person" means a person who, because of a mental disorder, is either:

(a) Dangerous to himself or others; or

(b) Unable to provide for his basic personal needs and is not receiving such care as is necessary for his health or safety.

responsibility for his subsequent shoplifting. As the Court of Appeals concluded, that would be a confusing or misleading statement of the presumption. The trial court did not err in refusing the requested instruction.

Affirmed.