SCHMITT v. QUERENGAESSER et al.

(Supreme Court, Appellate Term, First Department. April 17, 1916.)

1. COURTS ⬤160—MUNICIPAL COURTS—JURISDICTION.

Const. art. 6, § 18, declares that the Legislature shall not confer on any inferior or local court of its creation any equity jurisdiction, or any other jurisdiction greater than possessed by County Courts. Section 14 perpetuates the jurisdiction theretofore possessed by County Courts. Code Civ. Proc. § 340, confers special equitable powers on County Courts, but makes no provision as to an accounting between partners. *Held*, that Municipal Court Code (Laws 1915, c. 279) § 6, subd. 1, giving the Municipal Court jurisdiction of accountings between partners, is invalid.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 405; Dec. Dig. ⬤160.]

2. COURTS ⬤159—ESTABLISHMENT—JURISDICTION.

The mere fact that a court is named one of record does not affect its jurisdiction, which must be determined, if a local and inferior court, by the specific statutes creating it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 404; Dec. Dig. ⬤159.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Tillie Schmitt against Ernst Querengaesser and another. Judgment for plaintiff, with order denying motion by defendants for judgment on the pleadings, and defendants appeal. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Edwin R. Wolff, of New York City, for appellants.

Charles L. Withrow, of New York City, for respondent.

GUY, J. The complaint herein alleges, in substance, that the plaintiff and the defendants entered into a copartnership agreement, by the terms of which the plaintiff paid to the defendants the sum of $1,000 for a one-half interest in a restaurant business situated in this city; that defendants agreed that said sum of $1,000 should be repaid to plaintiff out of the earnings and profits arising out of the business, and, in addition thereto, a sum equal to 50 per cent. of all the profits accruing at the time said sum was repaid; that thereafter Ernst Querengaesser, falsely representing himself to be the sole owner of said business, sold the same and all the fixtures, of which plaintiff was the one-half owner, to a corporation; that at the time of making such sale a chattel mortgage was executed, conveying all the furniture and fixtures of said restaurant, in which mortgage said Ernst Querengaesser was named as mortgagee; that thereafter said Ernst Querengaesser delivered 11 of the bonds of said corporation to plaintiff, falsely and fraudulently representing to plaintiff that said bonds represented the plaintiff's share of the profits accruing under the contract between them; that there have been no business relations or transactions between the parties under the terms of said partnership since April 3, 1915; that there are no debts or claims against said partnership; that there has been no settlement or accounting between the plaintiff and the defendants under the terms of their agreement aforesaid; that the bonds of said corporation are worthless and were known by said defendant to be so; that there is due and owing to the plaintiff the sum of $1,000, together with one-half of the profits of said business from December 7, 1914, to August 8, 1915—and prays that "the court take, hear, and determine the account between the plaintiff and the defendants under subdivision 1 of article 6 of the Municipal Court Code, and demands judgment for the sum of $1,000, with interest from December 7, 1914."

Defendants moved for judgment on the pleadings, pursuant to section 88 of the Municipal Court Code, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and also that the court had no jurisdiction of the subject of the action. This motion was denied, and subsequently the case was tried and a judgment rendered in favor of the plaintiff for the sum of $200 and costs. The minutes of the trial are not before us, and the defendants rest solely upon the denial of the motion for judgment on the pleadings.

[1] Both sides substantially concede that the action is one requiring the exercise of equitable powers by the court. Plaintiff rests her

right to maintain such an action by virtue of section 6, subd. 1, of the Municipal Court Code, which declares that the Municipal Court shall have jurisdiction in an action "to take, state and determine an account between partners after dissolution or other termination of their partnership relations and to render judgment for the amount so found to be due, but in no event for more than one thousand dollars." The defendants claim that the foregoing provision is violative of article 6, § 18, of the Consitution of the state, which declares that "the Legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon County Courts by or under [the provisions of] this article."

Section 14, article 6, of the Constitution declares that "County Courts shall have the powers and jurisdiction they now possess," and section 340 of the Code of Civil Procedure confers upon such courts special statutory powers, some of which are equitable in their nature, but it nowhere confers jurisdiction in an action requiring an accounting between partners before a judgment can be pronounced. Lake v. Sweet, 18 N. Y. Supp. 342.[1] The learned justice in the court below substantially admits this proposition to be correct as the law was formerly, but claims that the "Legislature, however, may confer upon the court such powers as are deemed advisable," and decided that such power had been given by the section quoted above, citing Worthington v. London Guarantee & Accident Co., 164 N. Y. 81–92, 58 N. E. 102.

This case has heretofore been cited as authority for the proposition that the Municipal Court may have any and all powers that the Legislature may see fit to grant, but a careful reading of the opinion in that case will not support this statement. It must be remembered that in the Worthington Case the discussion was devoted almost entirely to a consideration of the territorial jurisdiction of the Municipal Court. It was there held that the Municipal Court was a continuation of the former District Court, with the same territorial jurisdiction as was formerly possessed by that court, and that the Municipal Court was not a new court. In speaking of the jurisdiction of the Municipal Court, the court said (164 N. Y. 89, 58 N. E. 105):

"The object of the framers of the Constitution seems plain. The inferior local court could be created by the Legislature, but certain limitations were placed upon this power. The court so created could not be a court of record, and was clothed with a jurisdiction which confined it to locality; that is, to county, city, town, or village. * * * It is very clear that the framers of the Constitution intended that, not only should the inferior courts be strictly confined to their locality, but that the extent of their jurisdiction should be so limited that there would be no danger of powers being conferred by the Legislature that might interfere with the Supreme Court in the exercise of its general jurisdiction throughout the state. The local court was, therefore, to have no greater jurisdiction than the County Court."

In the case of Lewkowicz v. Queen Aeroplane Co., 207 N. Y. 290, 294, 100 N. E. 796, 797, in discussing section 18, article 6, of the Con-

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 63 Hun, 636.

stitution, the court effectually disposes of the claim that because that section declares that "inferior local courts of civil and criminal jurisdiction may be established by the Legislature, but that no inferior local court *hereafter* created shall be a court of record," it follows that the Legislature may confer jurisdiction to an unlimited extent upon inferior courts created prior to the Constitution and then or now existing. The court said:

"The constitutionality of the legislation is sought to be sustained substantially on two grounds: First, that the provision forbidding the Legislature to confer any greater jurisdiction on inferior local courts of its creation than that conferred by the Constitution on the County Courts is applicable only to courts created by it subsequent to the enactment of the Constitution of 1894, which the City Court long antedated; second, that the increase in the sum for which the court was authorized to render judgment was not conferring upon it jurisdiction."

To neither of these claims do we agree. As a matter of mere phraseology we think the purport of the Constitution is clear. The provision that no inferior local court thereafter created shall be a court of record, and the provision that the Legislature shall not thereafter confer on any court of its creation any greater jurisdiction than that conferred on County Courts, are found in separate sentences and constitute separate and distinct restrictions. If it were intended that the second restriction should apply to courts subsequently created, there would have been no reason for the change of language found in the two sentences. The natural manner of expressing such an intent would be to continue the first sentence so as to read:

"No inferior local court hereafter created shall be a court of record, nor shall the Legislature confer upon it any equity jurisdiction, nor greater jurisdiction than is conferred by this article upon County Courts. This is so clear to our minds as to forbid elaboration."

The Municipal Court was created by the Legislature; its officers were declared by the Constitution to be elective; but the court, as stated by Mr. Justice Lauer, in his recent work on Municipal Court Practice (page 1) is "a local court of legislative creation." It having been in existence at the time of the enactment of the Constitution in 1894, the provision in section 18 of article 6 of such Constitution forbidding the making of any inferior local court "hereafter created" by the Legislature a court of record, may not apply to the Municipal Court; but the next sentence of section 18, which declares that "the Legislature shall not hereafter confer upon any inferior local court of its creation any equity jurisdiction, nor any greater jurisdiction than is conferred on County Courts by or under this article, does apply, for clearly the Municipal Court is a court of "its creation." Declaring that it is "a court of record," as has been done by the Legislature of 1915, does not aid in this respect. It still remains an inferior local court, having only such powers as are granted by statute and the powers incident to fully carry them into effect. Mitchel v. Schroeder, Law Journal, March 29, 1916.

[2] There is no magic in the words "a court of record." In People ex rel. Swift v. Luce, 204 N. Y. 478, 491, 97 N. E. 850, 853 (Ann. Cas. 1913C, 1151), it was said:

"The Legislature might create a court with the powers and jurisdiction of a police court in some insignificant village and call it the high court of chancery of that village. The name bestowed on the court would not make it a court of chancery, and equally as long as the court was really a police court, conferring upon it this grandiose title would not in any degree render the act creating it unconstitutional. In other words, the inquiry is always as to the thing, not as to its name. People ex rel. Sinkler v. Terry, 108 N. Y. 1–10 [14 N. E. 815]."

It is clear that that portion of section 6 of the Municipal Court Code which attempts to confer jurisdiction upon the Municipal Court "to take, state and determine the account between partners after dissolution or other termination of their partnership relation and render judgment for the amount so found to be due" is within the prohibition of the Constitution of the state and cannot be enforced. It may be, however, that the complaint is susceptible of amendment, so that under it the plaintiff might be entitled to recover a judgment against the defendants, without calling upon the court to exercise any equity powers. Trosker v. Dann, 83 Misc. Rep. 399, 145 N. Y. Supp. 56.

Judgment reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.