JOHN PETSCHE, Appellant, *v.* EDWARD MACDONALD, Respondent.

(Supreme Court, Appellate Term, Second Department, April, 1916.)

Municipal Court of city of New York — jurisdiction of — Municipal Court Code, § 6(7).

Under section 6(7) of the Municipal Court Code the Municipal Court of the city of New York has jurisdiction to grant a new trial in a case tried before such court without a jury.

An order granting a new trial in such a case will not be affirmed unless it affirmatively appears that there was some sufficient ground therefor.

APPEAL from an order of the Municipal Court of the city of New York, borough of Brooklyn, fourth district, granted on the 8th day of November, 1915, setting aside a judgment and granting a new trial. The case was tried by the court without a jury, and thereafter, on motion, the judgment was vacated and a new trial before a jury ordered; and subsequently the order was modified by striking out the provision for a jury trial.

Brennan & Flamman, for appellant.

Julius S. Belfer, for respondent.

BLACKMAR, J. Although the Supreme Court has no power in a case tried before the court without a jury to set aside the judgment and direct a new trial (*Rosenquest* v. *Canary,* 27 App. Div. 30; *Bosworth* v. *Kinghorn,* 94 id. 187; affd., 179 N. Y. 590), yet that power seems plainly to be given to the Municipal Court by subdivision 7 of section 6 of the Municipal Court Code. That section of the Municipal Court Code which

grants power "to vacate  *  *  *  any process, mandate, judgment, order or final order, in furtherance of justice, for any error in form or substance" apparently plainly refers to errors found in the record itself, for such an error only can be an error in form or substance; and, if a judgment be vacated, the issues then remain undetermined and a new trial must be had as matter of course. The last clause of that subdivision, which gives power to grant a new trial "upon any of the grounds for which a new trial may be granted by the supreme court in an action pending therein, including the grounds of fraud and newly discovered evidence," obviously has reference to some cause which is not error on the record, but which is outside the record of the trial and which may be shown by affidavits; like, for instance, newly discovered evidence, fraud, surprise. I think, therefore, that the court had power to make this order.

The case was tried fully. The court, after hearing the evidence, rendered judgment for the plaintiff. The judgment was supported by the evidence, although it was conflicting and confused. Under these circumstances, I do not think that the order vacating the judgment should be affirmed unless it affirmatively appears that there was some sufficient ground therefor. In this case, I see nothing but a possible uncertainty in the mind of the justice which survived the pronouncement of the judgment. While I uniformly uphold the decision of a trial judge setting aside the verdict of a jury and ordering a new trial, unless obviously erroneous, I do not approve the action of a trial court in vacating a judgment rendered by himself unless for good cause made apparent to the appellate court.

The order should be reversed and the judgment reinstated, with ten dollars costs.

KAPPER, J. (concurring).   The limitation upon the power of the Supreme Court in a case tried before the court without a jury, to which both of my associates refer, should not obtain in the Municipal Court where jury trials are not the rule and only had pursuant to demand therefor.   The Municipal Court should retain its status as a court for the speedy disposition of the cases of litigants having small claims, and its judges, as a rule, should be the jury.   Where, therefore, incompetent evidence is received or error committed upon the trial of a cause before a judge of the Municipal Court sitting without a jury, his power to correct the error under subdivision 7 of section 6 of the Municipal Court Code should not be hampered or restricted by likening the cause before him to the trial of an equity case in the Supreme Court.   To do so works, in my opinion, for delay and expense because such is the inevitable result if the error is curable solely by an appeal.

CALLAGHAN, J. (concurring in result).   I concur in the reversal of the order appealed from on the sole ground that a justice of the Municipal Court is without power to set aside a judgment for any cause except fraud or newly discovered evidence, after trial before the court without a jury.   Subdivision 7 of section 6 of the Municipal Court Code defining the jurisdiction of that court is in part as follows: " to grant a new trial upon any of the grounds for which a new trial may be granted by the supreme court in an action pending therein, including the grounds of fraud and newly discovered evidence."   This part of the section is a limitation upon the words found in the first part of subdivision 7 of section 6 which confers power " to vacate  *  *  *  any process, mandate, judgment, order or final order, in furtherance of jus-

42

tice, for any error in form or substance," and limits the power to set aside such judgments and grant new trials to the power conferred upon the Supreme Court; and, inasmuch as a justice of the Supreme Court is without power to set aside a judgment once granted after trial before the court without a jury, it is difficult to see how we can extend this power to the Municipal Court.

It is a cardinal rule in the construction of statutes that words of general import are limited by words of restricted import immediately following and relating to the same subject. 36 Cyc. 1119. Tested by this rule I am compelled to construe this statute as limiting and restricting the power of the Municipal Court to that possessed by the Supreme Court.

By section 254 of the old Municipal Court Act, power was given to the trial judge to set aside a judgment after trial before the court without a jury and grant a new trial. But no such provision was incorporated in the present code. It may well be that this power was unreasonably exercised and the legislature intended to avoid an abuse of the power which might be exer-cised under that provision; besides, no good reason can be assigned for extending to a trial judge the power to review a judgment rendered by him after he has once had an opportunity to fully deliberate upon it before first deciding. That power can properly be exercised only by an appellate court.

Order reversed, with ten dollars costs, and the judgment reinstated.

Order reversed, with ten dollars costs.