(95 Misc. Rep. 188)

BRADSTREET'S COLLECTION BUREAU v. NAGLER'S BRASS WORKS, Inc.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

1. COURTS ⊜⟿189(15)—MUNICIPAL COURT—VACATION OF JUDGMENT.

Under Municipal Court Code (Laws 1915, c. 279) § 6, subd. 7, empowering the court to vacate or modify any judgment or final order, etc., in the furtherance of justice, that court, in a case tried without a jury, may vacate a judgment, but cannot dismiss the complaint on the merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⊜⟿189(15).]

2. COURTS ⊜⟿187—MUNICIPAL COURTS—JURISDICTION.

Notwithstanding the Municipal Court has been declared a court of record, it still remains a statutory court, with such powers only as are given by statute within the limits of the Constitution.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 293–295; Dec. Dig. ⊜⟿187.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Bradstreet's Collection Bureau against Nagler's Brass Works, Inc. From an order vacating and setting aside a judgment for a trial before a justice of the Municipal Court without a jury, and dismissing the complaint, plaintiff appeals. Order modified and affirmed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

A. Frank Cowen, of New York City (Bernard Cowen, of New York City, of counsel), for appellant.

Harry E. Herman, of New York City, for respondent.

GUY, J. This case was tried before the court without a jury, and a judgment rendered in favor of the plaintiff on the 12th day of January, 1916. Subsequently, by an order entered on the 7th day of February, 1916, the justice who tried the case vacated and set aside the judgment and dismissed the complaint upon the merits. The power to do this is attacked upon this appeal.

[1] Section 6, subdivision 7, of the Municipal Court Code, declares that the court has power " * * * to vacate, amend, correct or modify any process, mandate, judgment, order or final order, in furtherance of justice, for any error in form or substance; to grant a new trial upon any of the grounds for which a new trial may be granted by the Supreme Court in an action pending therein, including the grounds of fraud and newly discovered evidence." The Appellate Term in the Second Department, in the case of Petsche v. MacDonald, 158 N. Y. Supp. 494, by a divided court, has held that the section above referred to confers power upon the Municipal Court, in a case tried without a jury, to vacate a judgment and order a new trial, although thus confer-

⊜⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ring upon that court more power than is possessed by the Supreme Court. Without expressing an opinion upon that question, we are reluctantly constrained to follow that decision, in order to preserve uniformity in the two departments so far as possible; but it is nowhere suggested, nor can authority be found for the right of a justice of the Municipal Court, not only to vacate a judgment rendered by him after a trial without a jury, but, in addition thereto, dismiss the complaint upon the merits, thus not only reversing himself, but precluding the plaintiff from beginning another action for the same cause.

[2] Notwithstanding the Municipal Court has been declared a court of record, it still remains a statutory court, with such powers only as are given by statute within the limits of the Constitution of the state. Schmitt v. Querengaesser (Sup.) 158 N. Y. Supp. 575. The respondent claims such power is given under section 1317 of the Code of Civil Procedure, but that section applies to appellate courts only.

Order modified, by striking therefrom the words "the complaint dismissed upon the merits with costs," and adding thereto the words "and a new trial granted," and, as so modified, affirmed, without costs to either party. All concur.