### GOLDEN v. FRIEDMAN.

(Supreme Court, Appellate Term, First Department.    June 29, 1916.)

Courts ⬖23, 188(3)—Jurisdiction—Municipal Court—Accounting.

The Municipal Court has no jurisdiction to take, state, and determine a partnership accounting, and the consent of the defendant could not confer such jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 75, 75½, 81, 458; Dec. Dig. ⬖23, 188(3).]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Harry Golden against Joseph Friedman. From a judgment rendered in favor of plaintiff after a trial by the court without a jury, defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Grossfield Bros., of New York City (Morris Grossfield, Jr., of New York City, of counsel), for appellant.

Joseph Komito, of New York City, for respondent.

PHILBIN, J. The complaint alleged a partnership between the parties under articles of copartnership and the carrying on of business thereunder. It also alleged that from time to time the defendant had applied moneys of the firm to his own use, and that he had committed other acts in violation of the said articles and to the detriment of the plaintiff, all of which resulted in defendant receiving $126.-24 over his due proportion of the partnership assets and profits, for which sum judgment was demanded. It was further stated that the partnership had been dissolved.

The answer admitted the making of the agreement, but denied all the other allegations. It further raised the question as to the jurisdiction of the court. Upon the trial the plaintiff's attorneys stated the plaintiff asked for an accounting. The counsel for the defendant raised the question of jurisdiction, but the learned court suggested to the defendant's attorney that, as his client was there, the trial proceed, and the attorney acquiesced. The court had no jurisdiction to take, state, and determine the account of the parties (Schmitt v. Querengaesser, 94 Misc. Rep. 640, 158 N. Y. Supp. 575), and the consent of the defendant was ineffective to confer it (Davidsburgh v. Knickerbocker Life Ins. Co., 90 N. Y. 526). For this reason the judgment should be reversed.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.