BRADSTREETS COLLECTION BUREAU, a Corporation, Appellant, *v.* NAGLER'S BRASS WORKS, INC., Respondent.

First Department, December 7, 1917.

**Court — Municipal Court, City of New York — power of court to vacate judgment — constitutional law.**

The Municipal Court of the City of New York has power to vacate and set aside a judgment for the plaintiff in an action tried without a jury, upon the grounds mentioned in section 999 of the Code of Civil Procedure and as contrary to section 129 of the Municipal Court Code.

Section 6 and section 129 of the New York City Municipal Court Code are not unconstitutional on the theory that they confer greater powers on the Municipal Court than are possessed by the Supreme Court. Said sections do not extend or enlarge the powers of said court, but embody the law as it stood before the Constitution of 1894 went into effect.

APPEAL by the plaintiff, Bradstreets Collection Bureau, from an order and determination of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on or about the 26th day of May, 1916,

modifying and affirming as modified an order of the Municipal Court of the City of New York, Borough of Manhattan, First District, vacating and setting aside a judgment herein.

The Appellate Term on affirming the order directed a new trial instead of dismissing the complaint upon the merits. Plaintiff also appeals from the order of the Municipal Court as originally entered.

*Bernard Cowen,* for the appellant.

*Harry E. Herman,* for the respondent.

Dowling, J.:

Plaintiff sued for services in the Municipal Court and obtained judgment in its favor. Thereafter defendant moved that the judgment be vacated on the ground that it was " against the evidence, against the weight of evidence, contrary to law, and contrary to the provisions of section 999 of the Code of Civil Procedure and section 129 of the Municipal Court Act." The court thereafter vacated and set aside the judgment and dismissed the complaint. The Appellate Term has modified this order by granting a new trial. (95 Misc. Rep. 188.)

The appellant contends that the Municipal Court was without jurisdiction to vacate and set aside the judgment originally rendered by it, upon the ground that sections 6 and 129 of the New York City Municipal Court Code are unconstitutional in that they confer greater powers on the Municipal Court than are possessed by the Supreme Court, since the latter has no power in a case tried before the court without a jury to set aside the judgment and direct a new trial.

In the first place, we believe that the Municipal Court had power under the provisions of section 1367 of the New York City Consolidation Act (Laws of 1882, chap. 410, as amd. by Laws of 1894, chap. 750) to vacate or set aside any judgment rendered by it, if action was taken within the proper time. This was the law as it stood after the amendment made in 1894, before the new Constitution went into effect (January 1, 1895). But even if this were not the case, we do not believe that sections 6 and 129 of the Municipal

Court Code (Laws of 1915, chap. 279), which provide for opening defaults, setting aside verdicts and vacating, amending or modifying judgments rendered by the court (with or without a jury), and for new trials, conferred any new or additional jurisdiction upon the Municipal Court. The provisions contained therein deal with the procedure or power in the Municipal Court and do not enlarge or extend its jurisdiction. The exercise of the power thus conferred is peculiarly appropriate in the Municipal Court, where the nature of the cases presented and the necessity for the speedy administration of justice call for a summary and quick correction of any error in procedure followed or in result reached.

The determination appealed from is, therefore, affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SCOTT and SMITH, JJ., concurred.

Determination affirmed, with costs.