MANUFACTURERS TRUST COMPANY, as Trustee under a Declaration of Trust Dated August 23, 1940, Plaintiff, *v.* ARVIN CHEMISTS, INC., Defendant.

City Court of the City of New York, Trial Term, New York County, January 28, 1946.

*Newman & Bisco* for plaintiff.

*Lehrich & Lehrich* for defendant.

RIVERS, J. The plaintiff did not willfully demand for any month a rent in excess of the emergency rent. There was a fair question here concerning the true emergency rent. The Municipal Court held in the summary proceeding brought in that court that the legal rent for June, 1944, was not that which was stipulated in the lease between the parties covering the said month, but rather the amount which the landlord actually accepted from the tenant. If I were to approach this question *de novo,* I would not reach the same conclusion. I think that the true emergency rental is properly calculated on the basis of the agreed rental for June, 1944, without taking into account the fact that instead of insisting on the rent it was entitled to receive under the lease, the landlord voluntarily accepted for June, 1944, a lesser sum, in reality making a gift to the tenant of the balance of the agreed rent. I have stated the fact that I would reach this conclusion to show that in my opinion there was at least a fair question as to the emergency rent the landlord was entitled to collect; so that it cannot fairly be said that the landlord " wilfully " demanded a rent in excess of the lawful emergency rent for the months of March to June, 1945, inclusive. The word " wilfully " should, I think, be applied to a specific intention on the part of the landlord to violate the law, to defy the statute, an intent deliberately to exact a rent known to the landlord to be unlawful, or at least one which it may be fairly inferred that the landlord as a reasonable man knew was unlawful. That, I think, is what the Legislature meant by the word " wilfully " in section 4 of chapter 314 of the Laws of 1945 (Business Rent Law). I do not believe that the Legislature intended to impose the penalty of forfeiture for an honest mistake of judgment which is the most that can be charged against the landlord in this case.

The final order of the Municipal Court in the tenant's favor does not bar this action at law. The said order was expressly based, as the opinion of the Municipal Court Justice shows, upon the fact that no proper statement of the emergency rent had then been furnished to the tenant, and the said opinion specifically shows that the determination of the Municipal Court was not to prejudice the bringing of an action to collect the rent for the very months in question after a statement comply-

ing with section 3 of chapter 314 of the Laws of 1945 should be served.

The right to collect the rents in question was suspended until the service of such statement. As soon as the statement was served it was revived. This point was decided in *Iago Realty Corp.* v. *Marmin Garage Corp.*, SCHIMMEL, J. (186 Misc. 478) and I think the reasoning of that case sound and the conclusion correct.

I think it immaterial that the statement here was served after the plaintiff had transferred the property. The statement related to the months of March to June, 1945, and during and for those months plaintiff was the landlord.

The compromise order in the Supreme Court does not affect the plaintiff's right of recovery in this action.

I can find no valid defense to the action. ,

The clerk is directed to enter judgment in favor of plaintiff and against defendant in the sum of $1,213.42 with interest thereon from August 21, 1945, which is the date of the service of the statement under section 3 of chapter 314 of the Laws of 1945.

Five-day stay of execution. Sixty days to make a case.