### PARHAM v. CLARK et al.
### No. 5235.

District Court, E. D. Michigan, S. D.
Sept. 30, 1946.

Samuel Yura, of Detroit, Mich., for plaintiff.

Samuel H. Weisman, of Detroit, Mich., for defendants.

LEDERLE, District Judge.

1. This is an action by a tenant against his landlords under the so-called treble

damage clause of the Emergency Price Control Act of 1942, as amended, seeking judgment of $540, as treble the amount of rental overcharges for a period of 18 months during which plaintiff, William E. Parham, was a tenant of defendants, Fred Clark and Mamie Clark, in residence property within the Detroit Defense Rental Area.

2. Plaintiff's claim is predicated upon an order entered by the Area Rent Director on July 26, 1945, ordering a reduction of rent from $47.50 per month to $37.50 per month, effective beginning with the next regular rent payment period on or after October 1, 1943. Plaintiff's tenancy terminated on April 25, 1945. By such order, defendants were required to refund to the plaintiff the sum of $180 within 30 days. No refund has been made. This order was affirmed by the Regional Administrator for Region III of the Office of Price Administration on January 10, 1946. Defendants are presently prosecuting a protest before the Administrator from such affirmance.

3. Defendants base their defense upon two contentions, namely, that the Office of Price Administration was without authority to require a retroactive rent reduction because defendants had on file with the Area Rent Director a landlord's petition to fix rent at the time of the first renting of the premises when plaintiff rented same, namely, on August 22, 1942, and, further, that this action is barred by the one-year limitation period provided in said Act.

4. Defendants' contention here and before the OPA (that there was no basis for such retroactive order under Section 4(e) of the Rent Regulation for Housing because their landlord's petition to fix maximum rent, filed with the OPA on July 29, 1942, at the time of first renting, on a form furnished to defendants by the OPA, should have been considered as a proper registration statement or as a showing that the landlords were not at fault in failing to file a proper registration statement), has been made in good faith and reasonably.

5. Defendants have indicated that in event of a judgment against them in this case, they desire a stay of execution until their protest to the Administrator and any appeal therefrom are disposed of.

6. This suit was instituted September 18, 1945.

7. A reasonable amount for plaintiff's attorney fee herein is $25.

### Conclusions of Law.

1. This court has jurisdiction of this action under 50 U.S.C.A.Appendix, § 925(c).

2. Since the Emergency Price Control Act was amended in 1944, the limitation period for instituting suits such as this is "within one year from the date of * * * the violation." 50 U.S.C.A.Appendix, § 925(e).

3. The violation alleged here was the failure to obey the order to refund rent within 30 days of the order, as required by Rent Regulation for Housing. Consequently, this suit was timely, having been instituted within one year from the date of such violation. 50 U.S.C.A.Appendix, § 925(e).

4. The Emergency Court of Appeals has exclusive jurisdiction to set aside a regulation or order of the Administrator of the Office of Price Administration upon an appeal from a denial of a protest filed with the Administrator, and, consequently, this court is without jurisdiction to consider defendants' objection to the order upon which this case is predicated. 50 U.S.C.A.Appendix, §§ 923 and 924.

5. Under the circumstances of this case where the landlords in good faith and reasonably object to, and are prosecuting a protest from, an order of the Office of Price Administration requiring them to refund rent, the landlords have proved that the violation of the refund order was neither deliberately wilful nor the result of failure to take practicable precautions against the occurrence of the violation. Consequently, plaintiff is limited to a single recovery, which in this case is $180. 50 U.S.C.A.Appendix § 925(e).

6. Accordingly, judgment is being entered simultaneously herewith in favor of plaintiff and against defendants, providing as follows:

(a) That plaintiff recover from the defendants the sum of $180, plus an attorney fee of $25, with costs other than attorney fee to be taxed.

(b) That execution of this judgment shall be stayed until defendants' protest from the Area Rent Director's order of July 26, 1945, and any appeal therefrom, are finally determined. 50 U.S.C.A.Appendix, §§ 923, 924 and 925.