**PORTER, Price Administrator v. STRICKLIN et al. Civil Action No. 5674.**

District Court, E. D. Pennsylvania. April 9, 1947.

Harry W. Steinbrook, Dist. Enforcement Atty., Cyril F. Pessolano, Rent & Durable Goods Enforcement Section, and William S. Stein, Enforcement Atty., all of Philadelphia, Pa., for plaintiff.

Felix & Felix, by David H. H. Felix, all of Philadelphia, Pa., for defendants.

WATSON, District Judge.

This action was tried before the Court without a jury on a complaint filed by the Office of Price Administration, alleging violations of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and seeking treble damages for overcharges and injunctions prohibiting further violations and directing the defendant to furnish services in accordance with registration statements filed with the Office of Price Administration.

### Discussion.

Defendant, Eugene Stricklin, was the owner of a house containing a first floor apartment which, for convenience, I shall refer to as the "lower floor," and a second and third floor apartment which I shall refer to as the "upper floor." Defendant, Arthur S. Bailey, in his own answer admits that he was an agent for Stricklin in collecting rents for the lower floor.

At the trial there was no testimony introduced to show that the services which were provided on the date determining maximum rent were not in fact provided by the defendants herein.

Plaintiff introduced at the trial two exhibits, "Exhibit A" and "Exhibit B", both titled "Order Decreasing Maximum Rent" issued June 19, 1945. "Exhibit A" was an order setting the legal maximum rent for the upper floor at $36.50 per month instead of $60, and purported to be retroactive to October 1, 1943. Notice was contained therein advising of the necessity of refunding any overcharge with the alternative of being made subject to a suit for damages. "Exhibit B" was a similar order covering the lower floor, setting the legal maximum rent at $28.50 per month instead of $40.

Defendant Stricklin showed to the satisfaction of the Court that the rents were lowered in compliance with the orders following their issuance. This suit, however, is for damages resulting from the neglect of the plaintiff to refund the overcharges which were made prior to the issuance of the order. There is no question but that the Office of Price Administration was empowered to take the action it has taken here. There is a question, however, as to whether the plaintiff has proved the alleged damages. Defendant Stricklin's testimony was the only evidence introduced at the trial, with the exception of Plaintiff's "Exhibits A and B" mentioned above, and "Exhibit C," a rent book of little help here. The lower floor was rented for $40 a month from April 3, 1945, to June 19, 1945, at which time it was reduced to $28.50 in compliance with the order of the Office of Price Administration. Stricklin testified that the tenant was paid the overcharges at the time he received the order designated "Exhibit B" by receiving credit for her rent for July and August. The Court is satisfied that the uncontradicted testimony as to such crediting of rent payments was correct and, therefore, no action is maintainable for the lower floor. Defendant Bailey, who was proved to be the agent for defendant Stricklin for the lower floor only, cannot be considered in that part of the case concerning the upper floor.

The upper floor was rented for $60 a month from September 4, 1943, to and including June 9, 1945. Thereafter, defendant received $36.50 monthly rent in compliance with the order. Prima facie, this would indicate an overcharge of $23.50

a month for twenty-one months, or $493.50. Defendant admits that he made no cash refund, and vaguely mentioned having made "arrangements" with the tenant, which arrangements he did not elaborate upon when called as a witness by defendant's counsel.

### Findings of Fact.

1. There was no reduction or change in the equipment or services provided by the landlord on the premises here involved.

2. Arthur S. Bailey was the Agent of the defendant for the collection of rents of the first floor apartment only.

3. There were overcharges of $11.50 a month for four months on the first floor apartment.

4. Defendant Stricklin made repayment of the overcharges to the tenant of the first floor apartment.

5. Defendant Stricklin made overcharges of $23.50 a month for twenty-one months on the upper floor apartment.

6. Defendant Stricklin did not make cash refunds of the overcharges alleged.

7. Defendant Stricklin told the tenant of the upper floor that she might occupy the lower floor and the upper floor when the tenant on the lower floor vacated.

8. Defendant Stricklin's refusal or neglect to refund the overcharges were not wilful and intentional.

### Conclusions of Law.

1. Defendant Eugene Stricklin violated the Emergency Price Control Act of 1942, as amended.

2. Defendant Eugene Stricklin is liable in damages to the Plaintiff on behalf of the United States in the amount of $493.50, representing the amount of the overcharge on the upper floor apartment.

3. Defendant Eugene Stricklin in no way failed to furnish services to tenants occupying his premises in accordance with registration statements filed with the Office of Price Administration. Therefore, no injunction will issue thereon, as prayed for by the plaintiff.

4. Defendant Eugene Stricklin did not violate the Emergency Price Control Act of 1942, as amended, with reference to the lower floor apartment mentioned above.

5. Defendant Arthur S. Bailey did not violate the Emergency Price Control Act of 1942, as amended.

6. There is no indication that defendant Eugene Stricklin continued violations following receipt of the orders of the Office of Price Administration referred to as "Exhibit A" and "Exhibit B" above and, in the opinion of this Court, the strong measure of an injunction should not be applied.

It appearing that the defendant, Eugene Stricklin, is liable to the plaintiff, and that the defendant, Arthur S. Bailey, is not liable to the plaintiff, it is ordered that judgment be entered against defendant Eugene Stricklin and in favor of the Administrator, Office of Price Administration, in the sum of Four Hundred Ninety-Three Dollars and Fifty Cents ($493.50).