Zimmerman, J.
 

 When the instant case was before this court on the motion to require the Court of Appeals for Mahoning county to certify its record, counsel for appellant urged its allowance for the determination of the question whether the courts of Ohio have jurisdiction over an action brought under Section 205 (e) of the Emergency Price Control Act of 1942, as amended (50 U. S. Code, Appendix, Section 925 [e]).
 

 The motion was allowed, this court not then being cognizant of the decision in
 
 Testa
 
 v.
 
 Katt,
 
 330 U. S.,
 
 *52
 
 386, 91 L. Ed., 776, 67 S. Ct., 810, announced i,n March of 1947, wherein the Supreme Court of the United States held that the supremacy clause of the federal Constitution precludes state courts from declining to entertain an action instituted under the federal statute cited. That decision reversed the judgment of the Supreme Court of Rhode Island in
 
 Testa
 
 v.
 
 Katt,
 
 71 R. I., 472, 47 A. (2d), 312, to the contrary. Therefore, the question of the jurisdiction of state courts over an action of the kind here involved has been definitely settled in the affirmative.
 

 As pertinent to this case, Section 205 (e) of the Emergency Price Control Act of 1942, as amended, provides:
 

 “If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, * * * bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney’s fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine:
 
 Provided, however,
 
 that such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question’was neither wilful nor the result of failure to take practicable precautions against the ocurrence of the violation. For the purposes of this section* the word ‘overcharge’ shall mean the
 
 *53
 
 amount by which the consideration exceeds the applicable maximum price. * * * ”
 

 Hoffman, the appellee herein, filed his petition in the Court of Common Pleas of Mahoning county against Wagner, the appellant herein, to recover treble damages in the sum of $478.41, based on charges made by Wagner covering parts and repairs for Hoffman’s automobile.
 

 The answer, after certain admissions, alleged that all the parts and repairs, for which Hoffman paid, had been furnished, except four described parts for which reimbursement was tendered in a stated amount. The answer closed with a general denial. The tender made by Wagner was refused.
 

 The reply denied generally the affirmative allegations of the answer.
 

 Trial of the issues was had before the court and a jury. Hoffman was awarded a verdict in the sum of $327.90. Judgment was entered for such amount plus the sum of $36.70 confessed by Wagner in his answer and plus the further sum of $125 as reasonable attorney fees for Hoffman’s counsel, making a total judgment of $489.60 with court costs in addition. .
 

 An appeal to the Court of Appeals resulted in an affirmance of the judgment of the trial court with the allowance of an additional attorney’s fee of $50 for service rendered in the appellate tribunal.
 

 No opinion was rendered by either of the courts below.
 

 This case was tried and argued by counsel for both parties on the theory that the pleadings and the facts, developed upon trial, bring it within the provisions of the federal statute quoted. We are, therefore, considering and deciding it on that basis.
 

 In disposing of the controversy on the several errors assigned we deem,it unnecessary to pass upon the question whether the statute involved is penal
 
 *54
 
 or remedial in nature. Under subsection 1 thereof, where an overcharge is established, the court has discretion to award recovery of not more than three times the amount of such overcharge.
 
 Fleming
 
 v.
 
 Gordon
 
 (C. C. A. 7), 161 F. (2d), 627, 628. The plaintiff must prove the overcharge as contemplated by the statute by a preponderance of the evidence. In a jury trial, the jury may set the amount of the recovery in accordance with the instructions of the court in the event the jury finds for the plaintiff on the issue of overcharge.
 

 In the instant case, the trial court charged the jury in part as follows :
 

 “Now, if you find by the greater weight of the evidence that plaintiff has established his burden of proof that there was an overcharge on any or all of these items and also the extent, if you find the extent of any such overcharge, then that amount you will deem to be the overcharge in this case, and I shall instruct you further on the amount of damages in connection therewith. On the other hand, if you fail to find the plaintiff has sustained his burden of proof as to an overcharge at all as I have explained it, either as to that one part or as to the labor items, then of course the plaintiff cannot recover and your verdict must be for the defendant.
 

 “If you find there was an overcharge, then your verdict will be for the plaintiff and you will figure the amount of overcharge, that is, bearing in mind what was paid, first as to the radiator support, which was $4.90, and second, as to the hours spent on the other two items I have mentioned at $2.50 an hour; you will calculate the overcharge on them as damages and you will award an amount which is exactly three times the amount of the overcharge that you calculate, because this law permits so-called treble damages. ’ ’
 

 When the court told the jury that, if Hoffman has
 
 *55
 
 proved his case as to the alleged overcharge by the greater weight of the evidence, it should award him “an amount which is exactly three times the amount of the overcharge that you calculate,” the court exercised the discretion accorded it by the statute to determine the matter of increased damages and their extent.
 

 We find no error prejudicial to Wagner in the course adopted and pursued by the court in this particular. See
 
 Shearer
 
 v.
 
 Porter, Price Admr.
 
 (C. C. A. 8), 155 F. (2d), 77.
 

 This court does not make determinations as to the weight of the evidence. Suffice it to say, we have examined the bill of exceptions; it contains' competent evidence supporting the claim of Hoffman that he was overcharged for the repair of his automobile as to both parts and labor.
 

 The proviso as to the mitigation of damages included in the federal statute is without application to this case. Wagner did not raise it in his answer, nor did he present his case on the basis of such proviso. The proviso states that a defendant shall be entitle,d to more lenient treatment if he “proves that the violation of the regulation, order, or price schedule in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation.” A defendant who wishes to take advantage of this exception must plead and prove facts bringing him within its protection.
 
 Bowles, Admr.,
 
 v.
 
 Glick Bros. Lumber Co.
 
 (C. C. A. 9), 146 F. (2d), 566, 571; Certiorari denied, 325 U. S., 877, 89 L. Ed., 1994, 65 S. Ct., 1554; rehearing denied, 326 U. S., 804, 90 L. Ed., 490, 66 S. Ct., 12;
 
 Bowles, Admr.,
 
 v.
 
 Krodel
 
 (C. C. A. 7), 149 F. (2d), 398. The defense so raised is an affirmative one in the nature of a confession and avoidance.
 
 Martin
 
 v.
 
 Burcham
 
 (Tex. Civ. App.), 203 S. W. (2d), 807.
 

 
 *56
 
 Wagner challenges the right of the Court of Appeals to make an allowance of an attorney’s fee for proceedings in that court. The statute provides for the assessment of fees of that character and in our opinion the allowance of an attorney’s fee by the Court of Appeals for services rendered in that court was permissible and within the court’s discretion. The amount feed can hardly be denoted as unreasonable. See 14 American Jurisprudence, 67, Section 103; 20 Corpus Juris Secundum, 614, “Costs,” Section 361.
 

 We find no reversible error in the judgment of the Court of Appeals, and such judgment is, therefore, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.