GRIFFITH et al. v. NORMAN.
GRIFFITH et al. v. BRANDENBURG.

Nos. 3659, 3660.

United States Court of Appeals
Tenth Circuit.

Nov. 10, 1948.

Herbert K. Hyde, O. B. Martin and Andrew Fraley, all of Oklahoma City, Okl., for appellants.

Charles E. Brace, of Bismarck, N. D., and Homer L. Hurt, of Oklahoma City, Okl., for appellees.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge..

Jane L. Norman and Virginia Brandenburg each instituted an action in the United States District Court for the Western District of Oklahoma under Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925 (e), to recover treble damages against A. R. Griffith and Bess Griffith for alleged rental overcharges. The two cases were consolidated and tried to the court without a jury. The trial court found that the Griffiths had wilfully and in bad faith made the overcharges and that they had not been repaid as ordered by the Office of Price Administration. Judgment was accordingly entered in each case for treble damages and for an attorney's fee of $250.00. These appeals challenge the correctness of these two judgments.

In 1945, the Griffiths purchased a six unit apartment building in Oklahoma City, Oklahoma. These units had been registered by the previous owner as unfurnished apartments and a rent ceiling had been established. This ceiling was $30.00 per month for the Norman apartment and $32.50 per month for the Brandenburg apartment. Mrs. Griffith testified that after the purchase of the property she went to the office of the Price Administrator and advised the officials that they intended to remodel and furnish the apartments and would like to raise the rent of each apartment to $85.00 per month. She testified that she was informed to go ahead with the contemplated plans and that they

thought that $85.00 per month would be reasonable, but upon completion of the work they would make an inspection and determine the rent ceiling. The one apartment was rented to the Normans about July 15, 1946, for $100.00 per month and the other was rented to the Brandenburgs on August 15, 1945, for $85.00 per month. The properties were not registered within the thirty day period required by the Emergency Price Control Act. It was not until February, 1947, that the Griffiths registered the apartments and applied for an increase of rent. Upon an inspection in March, 1947, the Administrator ordered the rent on each apartment reduced to $52.50, retroactive to July 15, 1945, and ordered the Griffiths to refund the overcharges to each tenant. The Griffiths reduced the rent and filed receipts showing that in each case they had refunded the overcharges.

The main controversy centers around whether refunds were in fact made of the overcharges as required by the order of the Administrator. There was an irreconcilable conflict in the evidence on this issue. Griffith testified that he sought out Norman and paid him the amount of the overcharge in cash out of his pocket and took a receipt signed by Norman which he later filed as required by the Administrator. In the Brandenburg case, he likewise testified that he repaid the overcharges to Brandenburg in cash and took his receipt therefor and filed the same with the Administrator. Norman, on the other hand, testified that he was asked to sign the receipt; that when he asked what it was, Griffith replied that it was "something to let the O.P.A. know that you are here", and that he signed the paper without reading it. He testified that no money was paid to him by Griffith; that a week or ten days later Griffith gave him a check in blank and asked him to endorse it and that he did so and gave the check back to Griffith but received no money therefor. This check in the amount of $292.50 was later paid by the depositary bank. Brandenburg, likewise testified that he signed a receipt which acknowledged repayment of the amount ordered refunded, but that he

received no money and that he also endorsed a check which he returned to Griffith and for which he likewise received nothing.

■ The main issue tried below was whether the refunds had been made. The evidence was in sharp conflict and the trial court found that the refund had not been made and that the appellants had acted in bad faith. This finding is amply sustained by the record. Upon a violation of the act and a finding of bad faith, Sec. 205(e) of the Act empowers the court to assess damages limited only in amount to three times the amount of the overcharge.[1]

The court in this case assessed the full amount of the penalty. Appellants argue, however, that their prompt reduction of the rent constituted compliance with the reduction order, and that failure on their part to refund, if they failed to make the ordered refunds, was not a wilful violation of the act, and hence judgment should have been entered against them in any event only for the amount of overcharges. They cite a number of authorities to sustain their contention that a wilful failure to comply with an order for a refund does not constitute a wilful violation of the act subjecting one to treble damages.

The cases upon which they rely do not support their position. In all of them lack of wilfulness on the part of the landlord in failing to comply with the order was evidenced by some affirmative act by the landlord in either challenging the validity of the reduction order or by taking steps which he, in good faith, thought constituted compliance with the reduction order. Thus, in Parham v. Clark, D.C., 68 F.Supp. 17, the landlord, in good faith and with reasonable grounds, objected to the order and was prosecuting a protest from such an order, and in Porter v. Stricklin, D.C., 71 F.Supp. 5, where an order of refund was issued, the landlord credited the overcharges against future payments. The court accordingly held that treble damages were not warranted in such cases.

---

[1] McRae v. Creedon, 10 Cir., 162 F.2d 989; Bowles v. Krodel, 7 Cir., 149 F.2d 398; Bowles v. Lentin, 7 Cir., 151 F.2d 615.

In the interest of brevity, the remaining cases cited by appellants in support of this contention will not be separately analyzed. As stated by the Supreme Court in Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 627, the order of refund is not to "be treated as a thing apart, but must be taken in its setting as an integral and necessary part of the order fixing the maximum rent." Ignoring such an order without excuse or justification constitutes bad faith and subjects the offender to treble damages. There is ample evidence in the record, which, if believed as it was by the trial court, warranted its finding that appellants had not acted in good faith and had not made the directed refund.

 Appellants also assert error based on the trial court's refusal to allow a deduction of $453.75, from the judgment in the Brandenburg case for items of furniture destroyed and damaged by the Brandenburgs. Appellants did not, however, assert any cross petition or counterclaims in their pleadings for such items. The first time they were fully itemized was in the motion for a new trial. During the trial of the case the court allowed testimony with respect to those items only in so far as it had any bearing upon the issue of whether the alleged settlement of refund had been made. Even counsel for appellants stated the testimony was for the purpose of attacking the credibility of witness Virginia Brandenburg. The trial court did deduct the admitted delinquent rent and excluded all the other claimed items. Evidently by such exclusion it rejected the defense of an offset. It would thus seem that if the issue was tendered, that by such exclusion their contention that they were entitled to such items of damage was rejected by the court. The court was not required to accept their version concerning these items and there was no error in the rejection of these claimed credits.

A careful analysis of the record leads us to conclude that no reversible error was committed.

Attorneys for appellees asked us to award additional attorneys' fees to appellees' attorneys for services performed on appeal to this court. There is authority for allowing such attorneys' fees in our discretion. Hoffman v. Wagner, 149 Ohio St. 50, 77 N.E.2d 467; 14 Am.Jur. Costs, Section 103. Upon a consideration of this application, we are of the opinion that no additional attorneys' fees should be awarded. The amount involved in each of these cases was not large. The issues were comparatively simple and the issues in the two cases were identical. A sum of $250.00 was allowed for attorneys' fees in each case, making a total sum of $500.00, which was assessed against the Griffiths in addition to treble damages. Under all the circumstances of the case, we are of the view that additional attorneys' fees are not warranted. The request is therefore denied and the judgments of the trial court are affirmed.