MADISON AVENUE REALTY CORPORATION, Landlord, *v.* JULIETTE N. IMBRICI et al., Tenants.

Municipal Court of the City of New York, Borough of Manhattan, December 8, 1950.

*Peter W. Quinn* for landlord.
*Sanford Jarett* for tenants.

GENUNG, J. This is a summary proceeding brought for the nonpayment of rent. In addition to the stipulated rental the tenants agreed to pay " additional rent " in accordance with the following: " If Tenant shall default in the performance of any covenant on his part to be performed by virtue of any provision in any article in this lease contained, Landlord may immediately or at any time thereafter, without notice, perform the same for the account and at the expense of Tenant. If Landlord at any time is compelled to pay or elects to pay any sum of money, or do any act which will require the payment of any sum of money, by reason of the failure of Tenant to comply with any provision hereof,, or, if Landlord be compelled to incur any expense including reasonable attorney's fees in instituting, prosecuting and/or defending any action or proceeding instituted by reason of any default of Tenant hereunder, the sum or sums so paid by Landlord with all interest, costs and damages, shall be deemed to be additional rent hereunder and shall be due from Tenant to Landlord on the first day of the month following the incurring of such respective expenses." The tenants tendered the stipulated rent but refused to pay the " additional rent " after due demand therefor and this proceeding was brought to recover such " additional rent ".

The facts are uncontroverted. The tenants defaulted in payment on January, 1950, rent which was due January 1, 1950, and thereafter instituted an action in the Supreme Court to set aside an arbitration fixing the reasonable value of the premises occupied by the tenants. The landlord thereupon brought a summary proceeding in this court to recover the rent stipulated under the lease. At tenants' request, the proceeding in this court and the Supreme Court action were consolidated and remained consolidated until conclusion. The complaint of the tenants was dismissed on motion of the landlord for summary judgment. (*Imbrici* v. *Madison Ave. Realty Corp.,* 199 Misc. 244.) The tenants' appeal from said order was dismissed by the Appellate Division, First Judicial Department, in the month of September, 1950, for lack of prosecution. The landlord paid its counsel the sum of $2,000 as fees and disbursements in prosecuting the summary proceeding and the consolidated actions, in September, 1950, and demanded such sum from the tenants in addition to the regular stipulated rent due on October 1, 1950. When tenants refused to pay such " additional rent " landlord instituted this proceeding.

This court has no inherent jurisdiction, its jurisdiction being based upon statutory authority, express or implied. (*Stodder* v.

*New England Navigation Co.,* 134 App. Div. 221; *Bradstreet's Collection Bur.* v. *Negler's Brass Works,* 95 Misc. 188, affd. 180 App. Div. 511.)   However, there can be no doubt that this court does have jurisdiction of this proceeding, as clearly authorized by the Legislature.   (N. Y. City Mun. Ct. Code, § 6, subd. 2; Civ. Prac. Act, § 1410; *Knepper* v. *Rothbaum,* 104 Misc. 554; *Bribitzer* v. *Wahlig,* 235 App. Div. 702.)   Counsel fees may be awarded to the landlord where the parties have entered into an agreement with respect to the counsel fees.   (*Barrow Realty Corp.* v. *Village Brewery Restaurant,* 272 App. Div. 262; *Searing* v. *Cohen,* 191 Misc. 1006; *Reiss* v. *Schlossman,* 84 N. Y. S. 2d 717.)

The collection of the counsel fees as '' additional rent '' is not barred by the Business Rent Law (L. 1945, ch. 314, as amd.). That law defines '' rent '' as '' The consideration, including any bonus, benefit, or gratuity charged or received by the Landlord, his agents, or other representatives for the use or occupancy of the whole or any part of any business space.'' (Business Rent Law, § 2, subd. [f].)   The sum sought to be recovered in this proceeding does not come within the definition of '' rent '' as defined in that law.   The sum sought to be collected is not in excess of the emergency rent because it is not '' rent '' within the meaning of the rent control laws.

The acceptance of the July rental checks, which checks were indorsed '' in full payment '' did not constitute an accord and satisfaction because the payment of an amount admitted to be due and owing is not an accord and satisfaction of the liability for additional rent.   (*Pape* v. *Rudolph Bros.,* 257 App. Div. 1032.)   Nor is it a release within the terms of section 243 of the Debtor and Creditor Law (*Hopwood Plays* v. *Kemper,* 263 N. Y. 380), nor is landowner estopped by acceptance of the checks. (*Hudson* v. *Yonkers Fruit Co.,* 258 N. Y. 168.)   There has been no forfeiture of rent under subdivision 5 of section 4 of the Business Rent Law because the sum demanded is not rent within the meaning of subdivision (f) of section 2.   Nor was there any testimony introduced to show that the landlord willfully demanded rent in excess of the emergency rent. This is a necessary allegation. (*Manufacturers Trust Co.* v. *Arvin Chemists,* 187 Misc. 38; *McDougall* v. *Service Garage,* 187 Misc. 950.)

There is nothing inequitable or unconscionable in charging the tenants for counsel fees incurred by the landlord in remedying tenants' default under the lease, where tenants agreed to pay such counsel fees.   The sum of $500 is the fair and reasonable value of the services rendered.

The landlord is entitled to a final order against the tenants and a personal judgment against the tenants for the sum of $500 with interest from the first day of October, 1950, and the sum of $1,258.33 with interest from the first day of October, 1950. Five days' stay.