JACK ABBATE, Plaintiff, v. OLIVER H. HERBRUCK et al., Defendants.

City Court of the City of New York, Trial Term, New York County, May 24, 1951.

*Rene H. Karsten* for plaintiff.

*Israel Koven* and *Murray T. Koven* for defendants.

LUPIANO, J. This is a nonjury trial in which plaintiff sues defendants for overcharges in rent and statutory penalties under the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*). Findings of fact and conclusions of law were waived.

Defendants, owners of a multiple dwelling, leased an apartment to plaintiff beginning June 14, 1949, at the rate of $20 weekly. It is conceded that the maximum rental permitted for this apartment unfurnished was $58 per month determined by an order of the Office of Price Administration. Defendants allege that after said order but prior to plaintiff's occupancy they furnished the apartment, and thereby the rental affecting prior tenants became inapplicable. On February 24, 1950, the Housing Expediter fixed as a new level for the apartment the rent of $49 per month. This rent was retroactively fixed affecting that period from June 14, 1949, to January 3, 1950, during which time the plaintiff paid the rent as agreed. However, no registration for the different rent was effectively filed by the landlords. The defendants were directed to refund all overcharges within thirty days of the date of the agency's determination. Although the defendants did not charge more than $49 per month after the directive, they did not refund past overcharges as directed, nor did they tender the overcharges as hereinafter stated. There is no question of the plaintiff's right to the overcharges, however, there is a question of the rights to treble damages. It is conceded that the overcharges amounted to $260.50.

It is true that the furnishing of an apartment may completely transform it into a new dwelling no longer subject to a previous maximum rental set for an unfurnished apartment. (*Maddox* v. *Arch Realty Corp.*, 100 N. Y. S. 2d 276; *Janes* v. *Noorbalm*, 47 A. 2d 105 [D. C.]; *Delsnider* v. *Gould*, 154 F. 2d 844.) Whether or not the accommodations in the case at bar were so changed is not now at issue. The Housing Expediter moreover decided not only that the furnishings did not increase the value of the premises for renting purposes, but that there had been a decrease in services resulting in a net decrease in the maximum rental allowable for the apartment. These circumstances be as they may, the directive to the defendant is the crux of this action.

Apparently a hearing was held a full six months after the alleged major improvements were made. The court construes the conceded authentic copy of the directive as indicating that a full consideration was given to all claims the landlords could

have made prior to final determination. Since the fixing of rentals is the exclusive concern of the Housing Expediter (*Maddox* v. *Arch Realty Corp., supra*), his findings are binding on this court. (*Wasservogel* v. *Meyerowitz,* 300 N. Y. 125, 133.)

There is provision (U. S. Code, tit. 50, Appendix, § 1895) for treble damages for failure of a landlord to respond to an order of overcharge. The statutory burden is on defendant to show that its "violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation." (*United States* v. *Earl Holding Co.,* 88 F. Supp. 1000; *Sanders* v. *Kibrick Realty Corp.,* 99 N. Y. S. 2d 56, 61.) For the purpose of this act, just as was true under its predecessor (U. S. Code, tit. 50, Appendix, § 925, subd. [e]), "willful" does not carry with it the connotation of a criminal intent, but alludes to attempts by the landlord to consciously disregard the law by retaining moneys it is unlawful for him to keep. (*Howland* v. *Firoz Realty Corp.,* 72 N. Y. S. 2d 734, affd. 273 App. Div. 960; *Manufacturers Trust Co.* v. *Arvin Chemists,* 187 Misc. 38.)

This court is compelled to award the statutory penalties to plaintiff upon the evidence presented to it. In addition to the willful failure to make refund, there is evidence augmenting a finding of a conscious disregard of regulations. No new registration was filed when the premises were first rented in their alleged new state as is required by the regulations. Defendants alleged a registration in September, 1949, but adduced no evidence to corroborate this. At any rate, it is conceded that this attempt was not made within the thirty days required by section 825.7 of the Controlled Housing Rent Regulation issued September 1, 1949. No credible explanation was given of defendants' failure to insist upon and secure an authoritative ruling for its proposed new rental until formal application in April, 1950.

Defendants contend that their application for an administrative appeal is sufficient to stay the plaintiff from proceeding in this action. The regulations, however, require a tender of the amount of the refund for overcharges to the United States Treasurer together with the filing of the appeal in order to stay the effect of the refund order. No refund was ever tendered; now the landlords will not be spared the full consequences flowing from their disobedience and the absence of any worthy practical precaution.

The defendants' professed restraint in not charging more than the allowable maximum rent after the directive was issued does not necessarily manifest good faith so as to engender

future immunity. Rather such restraint indicates such a recognition of the purport of the directive as would make the failure to refund, evidence of the conscious violation of the entire directive.

Evidence of prior litigation against the defendants for kindred statutory violation relating to the same apartment and another apartment in the same building vitiates any belief of defendants that defendants' lack of diligence in filing a registration, obeying the instant directive for refund, or perfecting an agency appeal was innocent conduct. On the contrary, all this suggests a pattern of convenience.

In short, defendants have not sustained the burden of disproving the prima facie case of "willfullness" made against them by their conscious disregard of the refund order (*Griffith* v. *Norman*, 170 F. 2d 745). Their attitude at the time they demanded and received this money and conduct after the directive was issued dictate a finding that defendants were aware that the overcharges in rent were moneys they were not legally entitled to and which they nevertheless kept and withheld with the same consistent disregard for the law. This court awards as treble damages to the plaintiff the sum of $781.50. An additional $150 is awarded as counsel fees. All motions on which decision was reserved are hereby denied with proper exceptions. Let judgment be entered accordingly. Ten days' stay of execution and thirty days to make and serve a case granted.